STEGALL, Appellant,

v.

OHIO STATE MEDICAL BOARD, Appellee.

[Cite as *Stegall v. Ohio State Med. Bd.* (1993), 92 Ohio App.3d 389.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–211.

Decided Dec. 2, 1993.

390

*Squire, Sanders & Dempsey, David J. Young, C. Craig Woods* and *Terri–Lynne Smiles,* for appellant.

*Lee Fisher,* Attorney General, and *Anne C. Berry,* Assistant Attorney General, for appellee.

STRAUSBAUGH, Judge.

Appellant, Victor J. Stegall, M.D., appeals the decision of the Franklin County Court of Common Pleas upholding the order of the State Medical Board ("board") to indefinitely suspend Dr. Stegall's medical license. Appellant raises the following three assignments of error:

"1. O.A.C. 4731–11–04 is unreasonable and without basis in medical science; the common pleas court thus abused its discretion in upholding a license suspension based on an alleged violation of the rule.

"2. The common pleas court abused its discretion in upholding the order of the medical board in the complete absence of reliable, probative and substantial evidence in support of the board's conclusions and order.

"3. The lower court abused its discretion in affirming the medical board's order since the board improperly placed the burden of proof upon Dr. Stegall."

The board commenced action against appellant by citation letter dated May 8, 1991. In the letter, the board notified appellant that it proposed to take disciplinary action against his license on the grounds that his prescribing of controlled substances for weight loss to ten patients violated the board rule concerning the utilization of such substances. Ohio Adm.Code 4731–11–04. Specifically, the board charged that in his prescribing of controlled substances for weight loss to these ten patients, appellant failed to use the controlled substances as an adjunct in the treatment of obesity, failed to prescribe the drugs for a period limited to fourteen days, failed to weigh the patients every fourteen days, failed to discontinue the controlled substances when the patients did not lose weight and failed to follow the Food and Drug Administration ("FDA") approved labeling for these drugs. Therefore, the board charged that Dr. Stegall was in violation of Ohio Adm.Code 4731–11–04, and so was in violation of R.C. 4731.-22(B)(20), which allows the board to take disciplinary action against a licensee for directly or indirectly violating, attempting to violate, or assisting in the violation of a rule duly adopted by the board. Further, the citation letter notified appellant that the board proposed to deem this same conduct violations of R.C. 4731.22(B)(2) ("[f]ailure to use reasonable care discrimination in the administration of drugs * * *"); R.C. 4731.22(B)(3) ("[s]elling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes * * *"); and R.C. 4731.22(B)(6) ("[a] departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established") in accordance with Ohio Adm.Code 4731–11–04(C).

Appellant received a hearing before an attorney hearing examiner. The hearing examiner's report concluded that appellant had violated the following: (1) R.C. 4731.22(B)(2), failure to use reasonable care discrimination in the administration of drugs; (2) R.C. 4731.22(B)(3), selling, prescribing, giving away or administering drugs for other than legal and legitimate therapeutic purposes; (3) R.C. 4731.22(B)(6), departure from, or failure to conform to minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established; and (4) R.C. 4731.22(B)(20), failure to

comply with a rule of the board. Appellant filed objections to the report. However, the board voted to approve and confirm the hearing examiner's proposed findings of fact and conclusions of law, and to adopt the recommended order.

Appellant filed an appeal to the Franklin County Court of Common Pleas. The referee issued his report on September 23, 1992, finding that the board's order was supported by reliable, probative and substantial evidence. The referee further found that Ohio Adm.Code Chapter 4731–11 was properly promulgated and adopted by the board pursuant to R.C. Chapter 119, and that pursuant to the Supreme Court's decision in *In re Williams* (1991), 60 Ohio St.3d 85, 573 N.E.2d 638, the board was not required to provide expert testimony in support of its charges that appellant had violated specific provisions of the administrative rules. Therefore, the referee recommended that the decision of the board be affirmed. The common pleas court agreed with the referee's conclusions, and adopted the report. Appellant now appeals to this court.

 It should be noted initially that the court of common pleas has the duty to affirm an order of the board where the order is supported by reliable, probative and substantial evidence. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. Consequently, this court is limited to determining whether there was an abuse of discretion by the common pleas court. *Asad v. Ohio State Med. Bd.* (1992), 79 Ohio App.3d 143, 606 N.E.2d 1064.

 By his first assignment of error, appellant contends that Ohio Adm.Code 4731–11–04 is unreasonable and without basis in medical science and, therefore, the lower court abused its discretion in upholding his license suspension in violation of this rule. Further, appellant argues that the requirements and restrictions set forth in Ohio Adm.Code 4731–11–04 bear no rational relationship to the clinical practice of medicine and that the promulgation of such rule is outside the medical board's legal authority.

The rule itself is clear and unambiguous. Physicians are instructed that they shall not utilize a Schedule III or Schedule IV controlled substance for the purposes of weight reduction unless the drug has an FDA-approved indication for this purpose and then only in accordance with all of the other provisions of the rule. The specific requirements are then set forth in subdivision (B) of the rule. That subdivision states that a physician may utilize a Schedule III or IV controlled substance for the purpose of weight reduction in the treatment of obesity only as an adjunct, in accordance with the FDA-approved labeling for the product, and in a regimen of weight reduction which is based on caloric

restriction. Additionally, the rule provides that the following five conditions be met:

"(1) Before initiating treatment utilizing a schedule III or IV controlled substance, the physician determines through review of his own records of prior treatment, or through review of the records of prior treatment which another treating physician or weight-loss program has provided to the physician, that the patient has made a substantial good-faith effort to lose weight in a treatment program utilizing a regimen of weight reduction based on caloric restriction, nutritional counseling, behavior modification, and exercise, without the utilization of controlled substances, and that said treatment has been ineffective.

"(2) Before initiating treatment utilizing a schedule III or IV controlled substance, the physician obtains a thorough history, performs a thorough physical examination of the patient, and rules out the existence of any recognized contraindications to the use of the controlled substance to be utilized.

"(3) The physician shall not utilize any schedule III or IV controlled substance when he knows or has reason to believe that a recognized contraindication to its use exists.

"(4) The physician shall not utilize any schedule III or IV controlled substance in the treatment of a patient who he knows or should know is pregnant.

"(5) The physician shall not initiate or shall discontinue utilizing all schedule III or IV controlled substances immediately upon ascertaining or having reason to believe:

"(a) That the patient has failed to lose weight while under treatment with a controlled substance or controlled substances over a period of fourteen days, which determination shall be made by weighing the patient at least every fourteenth day, except that a patient who has never before received treatment for obesity utilizing any controlled substance who fails to lose weight during his first such treatment attempt may be treated with a different controlled substance for an additional fourteen days, or

"(b) That the patient has developed tolerance (a decreasing contribution of the drug toward further weight loss) to the anorectic effects of the controlled substance being utilized, or

"(c) That the patient has a history of or shows a propensity for alcohol or drug abuse, or

"(d) That the patient has consumed or disposed of any controlled substance other than in strict compliance with the treating physician's directions."

The Supreme Court has specifically recognized and respected the expertise of the medical board in medical matters. *Arlen v. State* (1980), 61 Ohio St.2d 168,

15 O.O.3d 190, 399 N.E.2d 1251. There can be no question that the board has the ability to adopt rules setting specific minimum standards of care by adopting administrative regulations. See R.C. 4731.05. Further, the Supreme Court plainly stated in the *Williams* case that the board may adopt rules prohibiting a practice even when there exists a body of expert opinion in disagreement with the rule.

The record indicates that there was medical evidence presented at the public hearing in support of the rule, and the board was entitled to adopt such a rule based upon the medical testimony and its own expertise. Therefore, appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant contends that the common pleas court abused its discretion in upholding the order of the medical board in the complete absence of reliable, probative and substantial evidence in support of the board's conclusions and order. Appellant argues that the board presented no expert testimony whatsoever to establish any violations of R.C. 4731.22(B) or the applicable standard of care.

The record indicates that the board's order finding appellant in violation of Ohio Adm.Code 4731–11–04 was based on appellant's own patient records. Appellant made no contention that these records were incomplete nor did he argue that they were incorrect.

Appellant argues that the hearing examiners are not properly trained to interpret such medical records. However, the types of violations charged did not require such expertise.

Appellant also argues that an expert witness was required in this case. However, in *Williams, supra,* 60 Ohio St.3d at 87, 573 N.E.2d at 640, the court stated "that where the General Assembly has prohibited a particular medical practice by statute, or where the board has done so through its rulemaking authority, the existence of a body of expert opinion supporting that practice would not excuse a violation." The court also stated that the existence of a minority view supporting the use of weight control substances would not provide a physician with a defense. In essence, the Supreme Court ruled that in a situation where a physician was charged with violations of the weight control rule after the effective date of the rule, no expert testimony would be required to sustain the charges.

In light of appellant's own records and the *Williams* case, this court finds that there was no abuse of discretion by the trial court in finding that the order of the board was supported by reliable, probative and substantial evidence. Therefore, appellant's second assignment of error is overruled.

■ Appellant's third assignment of error contends that the board improperly placed the burden of proof upon appellant. Appellant bases this contention on

the hearing examiner's assertion that his patient records were silent as to one fact or another. Appellant argues that rather than placing the burden on the state to establish facts in support of the allegations, or at least calling upon the state to explain the perceived silences, the hearing examiner improperly filled the gaps with presumptions against appellant. However, appellant's contention is not well taken.

Ohio Adm.Code 4731–11–02(D) requires the following when controlled substances are prescribed:

"A physician shall complete and maintain accurate medical records reflecting his examination, evaluation, and treatment of all his patients. Patient medical records shall accurately reflect the utilization of any controlled substances in the treatment of a patient and shall indicate the diagnosis and purpose for which the controlled substance is utilized, and any additional information upon which the diagnosis is based."

As keeping proper medical records is required, appellant cannot escape a disciplinary violation by keeping poor records. Therefore, appellant's third assignment of error is also overruled.

For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and PETREE, J., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.