The following appeal arises from the Mahoning County Court of Common Pleas' affirmation of the Ohio Motor Vehicle Dealers Board's revocation of a motor vehicle dealers license. For the following reasons, the decision of the trial court is affirmed.
 I. FACTS
On March 29, 1995, Courtney-Harvey Ford-Mercury, Inc. (the dealership), and Philip W. Courtney (appellant), individually, pled no contest to and were each found guilty of twenty-six counts of falsification, in violation of R.C. 2921.13(A)(6), a first degree misdemeanor. Appellant was initially facing separate criminal trials upon various charges. However, pursuant to the plea agreement, the initial charges were dismissed. The charges which were later dismissed due to the plea agreement consisted of one count of tampering with an odometer, a violation of R.C. 4549.42(A), and one count of failure to report commission of a felony in violation of R.C.2921.22(A).
Subsequent to the plea agreements by the dealership and appellant upon the twenty-six counts of falsification, the OMVDB sent a letter to appellant notifying him of its intention to suspend or revoke the dealer's licenses. The letter was sent in response to the OMVDB's investigation into matters undertaken by appellant which may have constituted violations of R.C. 4517. The OMVDB apprised appellant of his right to request a formal adjudication hearing to determine whether the dealer's licenses should be revoked or suspended. Appellant filed a timely request for a formal adjudication hearing.
On January 11, 1996, a hearing was conducted before the OMVDB. Martin Scott (Scott), an investigator for the OMVDB, testified on behalf of the OMVDB regarding the grounds for revoking the dealer's license. Appellant offered no witnesses or testimony at the hearing in his defense.
On February 1, 1996, the OMVDB ordered the revocation of the dealer's license. In its order, the OMVDB specifically stated "that the license issued to Courtney Harvey Ford-Mercury, Inc., Phillip Courtney President," was being revoked.
Appellant filed a timely appeal of the OMVDB's decision to the Mahoning County Court of Common Pleas. On August 9, 1996, a Magistrate determined that the OMVDB's decision must be affirmed. Appellant duly filed objections to the magistrate's report. However, the trial court determined that no error of law or fact existed within the report and adopted it as its own. This appeal followed.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant sets forth two assignments of error on appeal. His first assignment of error reads:
 "THE ADJUDICATION ORDER OF THE OHIO MOTOR VEHICLE DEALER'S BOARD, AS IT PERTAINS TO PHILIP W. COURTNEY EXCEEDED THE BOARD'S JURISDICTION AND WAS CONTRARY TO LAW."
Appellant argues that the licenses at issue were held by the dealership as a corporation, not by appellant individually. Therefore, the OMVDB could not bring forth a complaint against appellant nor could it render a verdict against appellant inasmuch as appellant did not hold a dealer's license. Appellant argues that because he did not hold a dealer's license the OMVDB lacked jurisdiction or authority over him to adjudicate his rights.
The issue presented before this court is whether an executive officer of a corporation, who functions as its President, Secretary, and Treasurer, can be imputed with a dealer's license by virtue of the dealer's licenses held in the corporation's name.
R.C. 4517.04 sets forth the guidelines for a person seeking to obtain a motor vehicle dealer's license. It provides:
 "Each person applying for a new motor vehicle dealer's license shall annually make out and deliver to the registrar of motor vehicles, before the first day of April, and upon a blank to be furnished by the registrar for that purpose, a separate application for license for each county in which the business of selling new motor vehicles is to be conducted. The application shall be in the form prescribed by the registrar, shall be signed and sworn to by the applicant, and, in addition to any other information required by the registrar, shall include the following:
 (A) Name of applicant and location of principal place of business;
 (B) Name or style under which business is to be conducted and, if a corporation, the state of incorporation;
 (C) Name and address of each owner or partner and, if a corporation, the names of the officers and directors;
 (D) The county in which the business is to be conducted and the address of each place of business therein;
 (E) A statement of the previous history, record, and association of the applicant and of each owner, partner, officer, and director, that shall be sufficient to establish to the satisfaction of the registrar the reputation in business of the applicant;
 (F) A statement showing whether the applicant has previously applied for a motor vehicle dealer's license, motor vehicle leasing dealer's license, manufactured home broker's license, distributor's license, motor vehicle auction owner's license, or motor vehicle salesperson's license, and the result of the application, and whether the applicant has ever been the holder of any such license that was revoked or suspended;
 (G) If the applicant is a corporation or partnership, a statement showing whether any partner, employee, officer, or director has been refused a motor vehicle dealer's license, motor vehicle leasing dealer's license, manufactured home broker's license, distributor's license, motor vehicle auction owner's license, or motor vehicle salesperson's license, or has been the holder of any such license that was revoked or suspended;
 (H) A statement of the makes of new motor vehicles to be handled.
 The statement required by division (E) of this section shall indicate whether the applicant or, if applicable, any of the applicant's owners, partners, officers, or directors, individually, or as owner, partner, officer, or director of a business entity, has been convicted of, pleaded guilty, or pleaded no contest, in a criminal action, or had a judgment rendered against him in a civil action for, a violation of sections 4549.41 to 4549.46 of the Revised Code, of any substantively comparable provisions of the law of any other state, or of subchapter IV of the "Motor Vehicle Information and Cost Savings Act," 86 Stat. 961 (1972), 15 U.S.C. § 1981."
R.C. 4517.12 further provides for the grounds upon which an application can be denied. It states in pertinent part:
 "(B) If the applicant is a corporation or partnership, the registrar may refuse to issue a license if any officer, director, or partner of the applicant has been found guilty of any act or omission that would be cause for refusing or revoking a license issued to such officer, director, or partner as an individual. The registrar's finding may be based upon facts contained in the application or upon any information the registrar may have. * * *."
Additionally, R.C. 4517.33 sets forth when the motor vehicle dealers board shall suspend or revoke a dealer's license. It states in pertinent part:
 "The board shall suspend or revoke or notify the registrar to refuse to renew any dealer's, motor vehicle leasing dealer's, manufactured home broker's, distributor's, auction owner's, or salesperson's license, if any ground existed upon which the license might have been refused, or if a ground exists that would be cause for refusal to issue a license.
 The board may suspend or revoke any license if the licensee has in any manner violated the rules issued pursuant to sections 4517.01 to 4517.65 of the Revised Code, or has violated section 4501.02
of the Revised Code, or has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles."
Notably, the preceding statutes do not address whether an officer of a corporation is required to apply for a separate dealer's license from that of the corporation. Accordingly, we continue our analysis by analogy by examining the law of corporations as it relates to the criminal activities of its officers.
R.C. 2901.24 allows a corporate officer to be prosecuted for offenses committed by the corporation if the requisite culpability is proven. The statute provides:
 "(A) An officer, agent, or employee of an organization as defined in section 2901.23 of the Revised Code may be prosecuted for an offense committed by such organization, if he acts with the kind of culpability required for the commission of the offense, and any of the following apply:
 (1) In the name of the organization or in its behalf, he engages in conduct constituting the offense, or causes another to engage in such conduct, or tolerates such conduct when it is of a type for which he has direct responsibility;
 (2) He has primary responsibility to discharge a duty imposed on the organization by law, and such duty is not discharged.
 (B) When a person is convicted of an offense by reason of this section, he is subject to the same penalty as if he had acted in his own behalf."
The preceding statute illustrates that a corporation is a legal fiction which can be disregarded if justice requires its invocation. The legislative comments explain the purpose behind the statute was to eliminate the possibility of individuals or corporations using a corporate structure as a shield from liability in criminal cases. The Supreme Court of the United States further explained:
 "Clearly, an order limited in its application only to the corporate petitioners probably would prove futile as the corporation could be dissolved and the individual petitioners could then, under the cloak of a new corporation, engage in the proscribed activities and thereby frustrate the purposes of the Act. The law is well settled that the corporate entity may be disregarded when the failure to do so would enable the corporate device to circumvent a statute." Schenley Distillers Corp. v. United States (1945), 326 U.S. 432, 437.
The case sub judice is clearly the type of conduct which the legislature sought to prohibit in enacting R.C. 4517.12 and 4517.33. Appellant does not contest the validity of the judgment rendering him guilty. Rather, appellant seeks to avoid any association with the revocation of the dealer's license by asserting that the corporation is the true holder of the license.
Appellant signed the application for a license renewal in his capacity as President, Secretary, and Treasurer of the dealership. Appellant acted within the authority vested upon him by virtue of his executive offices and by doing so bound the dealership and himself to abide by the regulations prescribed by the OMVDB. If this court were to hold that appellant did not hold the license in conjunction with the corporation, appellant would be free to apply for a new permit under the guise of a new corporation and, thereby, create a loophole that would swallow the rule.
R.C. 4517.04(G) requires a license applicant to state whether any partner, employee, officer or director has been the holder of any license that has been revoked. Appellant seeks to circumvent this restriction by arguing that he does not hold an individual dealer's license which consequently would mean that appellant did not hold a license which could have been revoked. Appellant could potentially start up a new corporation without disclosing his past conviction. Surely the Legislature did not intend to allow a corporate auto dealership to violate statutory prohibitions with impunity.
Moreover, the language of R.C. 4517.12(B) does not encourage such an interpretation. R.C. 4517.12(B) permits the registrar to refuse to issue a license to a corporation if any officer, director, or partner of the corporation committed an act which would constitute a ground for denial of a license to the officer, director, or partner as an individual. It is implicit that the corporation is merely made of the individuals who operate and control it. Accordingly, a license granted to the corporation is extended to the officers and directors of that corporation. Therefore, we must conclude that appellant's first assignment of error lacks merit.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "THE FEBRUARY 1, 1996, DECISION OF THE BOARD IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND THE TRIAL COURT'S AFFIRMATION OF THAT DECISION CONSTITUTED A CLEAR ABUSE OF DISCRETION."
Appellant argues that the OMVDB's decision and the trial court's affirmation of the decision can not be supported by reliable, substantial, and credible evidence. Appellant contends that the evidence presented to it was insufficient for it to conclude that he was "guilty in a fraudulent act in connection with selling or otherwise dealing in, or leasing, motor vehicles, or in connection with manufactured homes." Appellant vigorously argues that Scott's testimony offered on behalf of the OMVDB was nothing more than "rank heresy" which constituted inadmissible evidence. Furthermore, appellant argues that appellant was found guilty of unspecified
falsification. Consequently, appellant suggests that the OMVDB could not have conclusively determined, upon that evidence alone, that appellant's conviction was related to the selling, dealing, or leasing of motor vehicles.
The Administrative Procedure Act provides that agencies must pass upon the admissibility of evidence but no attempt is made to formulate standards of admissibility. R.C. 119.09. General standards applicable to specific agencies are provided by particular statutes. These range from provisions that the agency shall not be bound by common-law or statutory rules of evidence to provisions that the evidence shall be submitted as in the trial of civil actions. R.C. 4715.37.
As a general rule, even apart from specific statutes, administrative agencies are not bound by the strict rules of evidence applied in court. Provident Sav. Bank Trust Co. v.Tax Commission (1931), 10 O.O. 469. Evid.R. 101(A) does not mention administrative agencies as forums to which the Rules of Evidence apply. Indeed, the constitutional authority under which the rules were promulgated extends only to "rules governing practice and procedure in all courts of the state." Section 5(B), Article 4, Ohio Constitution. However, an administrative agency should not act upon evidence which is not admissible, competent, or probative of the facts which it is to determine. Eastern Ohio Distributing Co. v. Bd. of LiquorControl (1950), 59 Ohio Law Abst. 188. The hearsay rule is relaxed in administrative proceedings, but the discretion to consider hearsay evidence cannot be exercised in an arbitrary manner. Board of Education for Orange City School District v.Cuyahoga County Board of Revision (1996), 74 Ohio St.3d 415,417.
Assuming arguendo that Scott's testimony contained inadmissible hearsay, the OMVDB could have admitted the testimony if it determined the testimony was probative of the facts in issue and the OMVDB's decision to admit such testimony was not arbitrary.
Scott's testimony was essential to illustrate how he was able to determine that the odometers of the twenty-six cars had been rolled back and, consequently, whether the OMVDB had sufficient cause for revoking appellant's licenses. Scott offered the following testimony:
 "PRESIDENT TOWELL: Just for the Board's information, what evidence surfaced that showed that those particular 26 cars, or whatever, the number was, had odometer tampering?
 THE WITNESS: The OD statement notes — The voucher, it was called a cash voucher. The cash voucher was given to Vantell when he would receive cash. He said you only find the OD when the — The ones that are initialed OD, that means that the odometer on that vehicle was definitely taken to Otto and was turned back."
The issue presented before the OMVDB was whether appellants had engaged in fraudulent conduct related to the leasing, selling, or dealing of a motor vehicle. Scott's testimony aided the OMVDB in making that determination. However, the OMVDB could have independently determined that appellant was guilty of an act involving the selling, dealing, or licensing of a motor vehicle without Scott's testimony. The OMVDB previously suspended appellant for violating the Attempted Certificate Of Title Law. The OMVDB could have also uncovered the initial charges which were brought forth against appellant entered into the plea agreement. Appellant's previous indictments charged him with tampering with an odometer and failure to report commission of a felony. R.C. 4517.12(B) authorizes the registrar to base its finding upon any facts in the application or any other information the registrar may have. The previous indictments in conjunction with the OMVDB's prior suspension of appellant's licenses provided the OMVDB with enough reliable, substantial, and credible evidence to support its decision.
The trial court was generally obligated to defer to the OMVDB's resolution of factual questions and to give "due deference to the administrative resolution of evidentiary conflicts" as matters of weight and credibility of evidence are issues for the trier of fact. Univ. of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 111. However, the trial court is not required to accept improperly drawn inferences or evidence which is not reliable or probative. Buckeye Bar v. LiquorControl Commission (1972), 32 Ohio App.2d 89, 110.
The trial court considered the transcripts of proceedings before the OMVDB in addition to all the other evidence presented in the record. Appellant's decision to stand silent before the OMVDB required the trial court to give "due deference" to it as the issues of weight and credibility of evidence were for the OMVDB's consideration.
An appellate court's review of an order of the trial court which determined an appeal from an administrative agency based upon the evidence presented is limited to whether the trial court abused its discretion. Wise v. Ohio Motor Vehicle DealersBoard (1995), 106 Ohio App.3d 562, 566 citing In re Ghali
(1992), 83 Ohio App.3d 460, 465. An abuse of discretion implies "a decision which is without a reasonable basis or one which is clearly wrong." Id.
The trial court properly considered the evidence presented to it upon appeal. The trial court's affirmation of the OMVDB's decision was reasonable based upon the evidence presented to it. The trial court's decision did not amount to an abuse of discretion.
For the foregoing reasons, the decision of the trial court is affirmed.
Hon. Joseph J. Vukovich, Hon. Edward A. Cox, Hon. Cheryl L. Waite, JUDGES.
Cox, J., concurs in judgment only.
Waite, J., concurs.
APPROVED:
 ------------------------- JOSEPH J. VUKOVICH, JUDGE