GREENWOOD CHEVROLET, INC., Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES et al., Appellees.

[Cite as *Greenwood Chevrolet, Inc. v. Ohio Bur. of Motor Vehicles* (1994), 96 Ohio App.3d 424.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE02–166.

Decided Aug. 11, 1994.

*Paxton & Associates, Robert C. Paxton II* and *Patricia A. Jamison; James E. Gray & Associates* and *James E. Gray,* for appellant.

*Lee Fisher,* Attorney General, and *David Clouston,* Assistant Attorney General, for appellee Ohio Motor Vehicle Dealers Board.

*Jones, Day, Reavis & Pogue* and *Jeffrey J. Jones,* for appellee General Motors Corporation.

*Fitch, Davis & Humphrey* and *Stephen C. Fitch; Hartford & Dickey* and *Larry M. Dickey,* for appellees David Flynn and Donnell Auto Group.

---

CLOSE, Judge.

Appellant, Greenwood Chevrolet, Inc., brings this appeal from the judgment of the Franklin County Court of Common Pleas, affirming a decision of appellee, Ohio Motor Vehicle Dealers Board ("board").

For almost sixty years, a Chevrolet dealership has existed at 1035 Mahoning Avenue in North Jackson, Ohio. For the thirteen-year period before January 2, 1992, that dealership was operated without interruption by David Myers under the name Dave Myers Chevrolet, Inc. ("Myers"). However, beginning in 1991, the Myers dealership began experiencing financial difficulties. In response to the financial distress, Myers began negotiations with David Flynn and other potential buyers for the sale of the dealership.

As Myers's search for a buyer continued, the Dollar Savings & Trust Company took several measures to secure its interest in the dealership collateral. Among those measures was the bringing of a liquidation proceeding, from which a judgment was issued authorizing the seizure of dealership assets and a securing of the physical premises. Despite these measures, the evidence indicated that Myers continued to deal with customers and continued to negotiate for the sale of the business.

On January 22, 1992, Myers provided General Motors with a proposal for the sale of the dealership to Flynn, the proceeds of which were to be applied as satisfaction of the claims against Myers. That proposal was ultimately accepted. By letter dated February 7, 1992, Greenwood and the Registrar of the Bureau of Motor Vehicles, Dealer Licensing Section, received notice of General Motors' intent to appoint a dealer in North Jackson, Ohio, as a replacement for the failed Myers dealership.

Thereafter, Greenwood and others filed protests against the appointment of a replacement dealer, pursuant to R.C. 4517.50(A), which provides for formal protestation of plans to locate a new motor vehicle dealer in the market area of other same-line dealers. Subsection (C) of that provision, however, precludes the protest procedures set forth in subsection (A) when the transfer at issue is of an already existing new motor vehicle dealer where the transferee intends to engage in business in the same location. Under the exception of subsection (A), and on the grounds that the transfer at issue was that of an existing dealership, General Motors filed a motion to dismiss protest.

General Motors' motion was brought before a referee who, upon consideration of the motion and protestants' response to respondent's motion to dismiss, recommended that the matter should be dismissed pursuant to the exception contained in R.C. 4517.50(C). On September 25, 1992, the board issued its decision affirming the report of the referee and dismissing the protest.

On November 22, 1993, Greenwood filed its notice of appeal of the board's dismissal with the Franklin County Court of Common Pleas. On review, the common pleas court affirmed in all respects the decision of the board upon a finding that it was supported by reliable, probative and substantial evidence. It

is from that decision that appellant brings the instant appeal, raising the following assignments of error:

"I.   Assignment of Error No. 1:

"The trial court erred in finding that the Ohio Motor Vehicle Dealers Board's decision is supported by reliable, probative and substantial evidence and is in accordance with law.

"II.   Assignment of Error No. 2:

"The court's decision finding that Myers was an existing new motor vehicle dealer is contrary to the plain language and legislative intent of R.C. Chapter 4517 and established rules of statutory construction."

Despite appellant's presentment of its challenge as two distinct assignments of error, this appeal is actually premised on the contention that the court committed an abuse of discretion in affirming the board's decision that the sale of the Myers business was that of an already existing new motor vehicle dealership. For that reason, both assignments of error will be considered and addressed together.

The focus of the instant case is the meaning of the term "existing" as it relates to R.C. 4517.50, which provides in pertinent part:

"(A) * * * [W]hen a franchisor seeks to enter into a franchise to establish an additional new motor vehicle dealer in, or relocate an existing new motor vehicle dealer at a location in, a relevant market area where the same line-make of motor vehicle is then represented, the franchisor shall first give notice in writing, by certified mail, to the motor vehicle dealers board and to each franchisee of such line-make in the relevant market area of the franchisor's intention to establish an additional new motor vehicle dealer in, or relocate an existing new motor vehicle dealer at a location in, that relevant market area. * * * Within fifteen days after receiving the notice, or within fifteen days after the conclusion of any appeal procedure provided by the franchisor, whichever is later, the franchisee of the same line-make may file with the board a protest against the establishment or relocation of the proposed new motor vehicle dealer. * * *

" * * *

"(C) Division (A) of this section does not apply to the relocation of an existing new motor vehicle dealer within one mile from the existing location or to the sale or transfer of an existing new motor vehicle dealer where the transferee proposes to engage in business at the same location."

Initially, we note that whether or not the Myers dealership was "existing" at the time of the transfer is an issue properly reserved for the trier of fact. Since the provisions addressing the sale of motor vehicle dealerships fail to expressly define the meaning of the term, whether or not a dealership is "existing" is a determination to be made on a case-by-case basis by the trier of fact.

In some cases, it may be found that the "existing" element requires a dealership to remain open for the regular conduction of business. In other circumstances, the mere existence of an active license and franchise agreement may suffice. In yet another instance, it may be found that the conducting of business by a new dealer at an already existing location, or from an already existing inventory, may constitute transfer of an existing dealership. Given this, our review of the record in the instant case indicates that sufficient evidence was present to support the court's determination that the dealership was, in fact, existing at the time in question.

Specifically, the court was persuaded by the fact that Myers's franchise agreement and dealer's license were still in effect at the time the sale was approved and notice was sent of General Motors' intent to replace. The court was further convinced by the involuntary nature of the closure and the fact that negotiations for the sale commenced while the dealership was still active. Furthermore, despite the seizure and apparent "closing down" of the Myers business, the facts indicate that the dealership remained active in addressing customer questions, winding up and generally facilitating and negotiating the sale to Flynn.

Additionally, the court's determination is supported by the fact that Flynn purchased the exact premises and inventory owned by Myers. Testimony was also elicited in the trial court to the effect that Flynn planned to retain all of Myers's employees. Despite this evidence, appellant would have this court overrule the determination of the trial court on the premise that the Myers dealership was not existing at the time of the transfer due to the fact that it was not open to the public and was not actively engaged in the selling of new cars.

In addressing appellant's argument, the question before us is whether or not the trial court committed an abuse of discretion in affirming the board's decision on the basis that it was supported by reliable, probative and substantial evidence. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. It is well settled in this context that "[a]n abuse of discretion connotes more than an error of judgment; it implies a decision which is without a reasonable basis or one which is clearly wrong." *In re Ghali* (1992), 83 Ohio App.3d 460, 615 N.E.2d 268. Based on this abuse of discretion standard, our review of the record reveals adequate support for the decision of the court of common pleas. Appellant's assignments of error are overruled.

For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and HARSHA, JJ., concur.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.