Appellant David Vassel has appealed an order of the Summit County Common Pleas Court that affirmed a decision from Appellee, Akron City Council Planning Committee. This Court affirms.
 I.
On November 25, 1998, Appellant filed a request for a conditional use permit with the Akron City Planning Commission (the Commission) to construct two three-unit buildings at 66 Byers Avenue in Akron, Ohio.[1]
The Commission conducted a public hearing on December 18, 1998, where several concerned citizens for and against the permit testified. After reviewing the evidence, the Commission recommended to Akron City Council that the building be limited to four units.
On January 25, 1999, both the Commission and the Council held public hearings concerning the issuance of the permit. At the hearings, Appellant and Jim Leslie spoke in favor of the permit, and asked the Council to approve the construction of two three-unit dwellings. Several members of the community spoke against the permit and favored the construction of single-family dwellings. The Council voted unanimously to file the proposal, thereby denying the application for conditional use. The Summit County Common Pleas Court affirmed the Council's decision. Appellant timely appealed, asserting one assignment of error.
 II. Assignment of Error Number One The [common pleas court] committed prejudicial error as a matter of law in affirming the denial of a conditional use permit to [Appellant] by [the Council].
In his sole assignment of error, Appellant has argued that the common pleas court erred when it affirmed the denial of his conditional use permit. Specifically, Appellant has asserted that the common pleas court's decision was not supported by substantial, reliable and probative evidence. This Court disagrees.
In reviewing an appeal from the decision of an administrative agency, the common pleas court is required to weigh the evidence in the record and determine whether there is a preponderance of reliable, probative, and substantial evidence to support the administrative decision.Dudukovich v. Housing Authority (1979), 58 Ohio St.2d 202, 207. In determining whether the agency's decision is supported by reliable, probative, and substantial evidence, the common pleas court is required to give "due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111. Moreover, R.C. 2506.04 defines the authority of the common pleas court to hear administrative appeals. R.C. 2506.04 provides in part:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
In reviewing an order of the court of common pleas, which determined an appeal from an administrative agency, this court's scope of review is limited to determining whether the common pleas court abused its discretion. See In re Ghali (1992), 83 Ohio App.3d 460, 465-66, citingLorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
A.C.O. 153.077 sets forth the factors the Council must consider when granting a petition for conditional use. That ordinance provides:
 The planning staff, the City Planning Commission, and Council, when studying a petition for conditional use, shall review the particular facts and circumstances of each proposed use in terms of the following standards, and if taking favorable action on the proposal, shall find adequate evidence that the use:
 (A) Will be harmonious with and in accordance with the general objectives of the city's Comprehensive Plan;
 (B) Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
 (C) Will not be hazardous or disturbing to existing or future neighboring uses;
 (D) Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;
 (E) Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community;
 (F) Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;
 (G) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads;
 (H) Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance.
A.C.O. 153.077.
In the case at bar, the common pleas court determined that, pursuant to A.C.O. 153.077(C), "the proposed use would be disturbing to existing uses[.]" Upon reviewing the record, this Court concludes that the common pleas court's decision is supported by a preponderance of reliable, probative, and substantial evidence. At both hearings several residents of the neighborhood expressed the importance of limiting the property to single-family dwellings. Some residents mentioned the problems that resulted from the multi-unit buildings in the area, which included traffic congestion, parking problems, drug activity and loud noise. Other citizens were concerned that the proposal would resemble existing multi-unit buildings, which are neglected by absentee landlords. The neighborhood homeowners testified that the area has historical significance because it is the oldest neighborhood in the city of Akron and contains many vintage homes. The homeowners felt that the proposal would decrease the value of the property in the neighborhood. Based on the foregoing, the common pleas court did not abuse its discretion when it affirmed the denial of Appellant's conditional use permit. Appellant's argument is not well taken.
 III.
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 __________________ WHITMORE, Judge.
QUILLIN, J., CONCURS
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Because the property is located within a Unified Planned Development District, it is subject to a restriction that requires the property to be a single-family dwelling. Pursuant to Akron Codified Ordinance (A.C.O.) 153.147(A)(4) and (B)(2), any multi-family dwelling within the district requires a conditional use permit.