[Cite as *State v. Collins*, 2018-Ohio-1162.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-433 |
| | | (C.P.C. No. 16CR-455) |
| Antoine Collins, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 29, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Timothy Young*, Public Defender, and *Victoria Bader*, for appellant. **Argued:** *Victoria Bader.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Antoine Collins is appealing from various decisions in his criminal case. He assigns seven errors for our consideration:

> [I.] The juvenile court's probable cause determinations were not supported by sufficient evidence in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; Section 10, Article 1 of the Ohio Constitution.
>
> [II.] The Franklin County Juvenile Court erred when it refused to consider a credible expert evaluation in violation of R.C. 2152.12(C); Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution.

[III.] The juvenile court abused its discretion when it determined that 14-year-old Antoine Collins was not amenable to treatment in the juvenile system in violation of R.C. 2152.12(B); Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 10, Ohio Constitution.

[IV.] The Franklin County Court of Common Pleas erred when it classified Antoine Collins as a tier I sex offender registrant, as defined in R.C. 2950.01(E)(1)(c), because the application of the adult registration requirements of R.C. Chapter 2950 to juvenile offenders creates an unconstitutional irrebuttable presumption in violation of the Due Process Causes of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution.

[V.] The Franklin County Court of Common Pleas erred when it classified Antoine Collins as a tier I sex offender registrant, as defined in R.C. 2950.01(E)(1)(c), because the application of the adult registration requirements of R.C. Chapter 2950 to juvenile offenders constitutes cruel and unusual punishments under the Eighth Amendment to the U.S. Constitution and Article I, Section 9 of the Ohio Constitution.

[VI.] The trial court erred  when it sentenced 14 year old Antoine Collins to 12 years and 6 months in prison for felonious assault and gross sexual imposition, because that sentence is not supported by the record in this case, in violation of R.C. 2953.08(G) and 2929.11(A).

[VII.] Antoine Collins was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 10, Ohio Constitution.

{¶ 2}    Collins was only 14 years old when he was charged with a number of serious offenses, including felonious assault, kidnapping, and gross sexual imposition.  After a hearing, he was bound over to the general division of the court of common pleas for Franklin County, Ohio.

{¶ 3}    In the general division, Collins eventually entered into a plea agreement under the terms of which he pled guilty to felonious assault with a firearm specification and a school safety zone specification and to gross sexual imposition.  As a result, he was

sentenced to a total of twelve and one-half years of incarceration. Counsel was appointed to represent him on appeal and this appeal ensued.

{¶ 4} A brief review of the facts may help make our legal analysis more understandable.

{¶ 5} Collins was in a public area called Mock Park. It is near a school. He encountered A.J.L., her 11- year-old sister, and her cousin. Collins pointed a gun at A.J.L. and later grabbed her buttocks. A.J.L. started running away and Collins then shot her.

{¶ 6} A security camera nearby captured the encounter. The fact all this happened near a school is shown in the images recorded by the security camera. The fact that probable cause existed as to the felonious assault in particular is frankly not open to serious debate. Collins shot A.J.L. In addition, his unwanted grabbing of her buttocks qualifies as a gross sexual imposition as defined by the statute.

{¶ 7} The first assignment of error is overruled.

{¶ 8} The second and third assignments of error present the question of whether Collins should have been bound over from juvenile court to the general division of the common pleas court to be treated as if he were an adult. This is a closer question, if only because Collins was 14 years old when he groped and shot A.J.L.

{¶ 9} The juvenile court judge hearing the case conducted a full amenability hearing to determine if Collins could be rehabilitated as a juvenile. The judge asked for a review and an amenability evaluation from a licensed psychologist who worked for Netcare Forensic Center in Columbus, Ohio. The psychologist, Kara Pridmore, Ph.D., felt that Collins could be rehabilitated as a juvenile. The juvenile judge clearly considered the report but reached a different conclusion based on a careful review of the applicable bind over statutes. The words of the second assignment of error assert that the juvenile court judge failed to consider the report. That assertion is literally and factually incorrect. The judge considered it but felt the other factors to be considered, as mandated by statute, outweighed the opinion of the psychologist. As a result, the second assignment of error is overruled.

{¶ 10} The third assignment of error asserts that the trial court judge abused her discretion when she found that Collins was not amenable to treatment in the juvenile court system.

{¶ 11} Abuse of discretion is a high standard: "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460 (10th Dist.1992).

{¶ 12} The juvenile court judge considered the criteria set forth in R.C. 2152.12 and decided Collins was not amenable to rehabilitation in the somewhat limited time left before he aged out of the juvenile system. The persuasive facts were the obvious ones. At age 14, Collins was walking around in public armed with a handgun. He sexually assaulted a 13-year-old female. When she resisted and ran away, he shot her. When she, in astonishment, yelled "you shot me," Collins responded verbally "Oh well," seemingly showing complete indifference to the fact he had just shot someone. (Tr. at 22.)

{¶ 13} The record shows that while Collins was confined in the juvenile detention center ("JDC") awaiting the resolution of his case and after being warned that his conduct in JDC could affect further proceedings, he repeatedly got into altercations and confrontations—20 times to be exact.

{¶ 14} Obviously the brain of a 14-year-old male is not fully developed, especially the frontal lobes which help a person appreciate the consequences of his actions. However, the trial court judge did not have to find that the immaturity of Collins was going to mean he would stop being involved in violent behavior. We cannot say the juvenile court judge abused her discretion in following the dictates of R.C. 2152.12 after carefully considering them.

{¶ 15} The third assignment of error is overruled.

{¶ 16} The fourth assignment of error questions the common pleas general division assigning to Collins a Tier I status. The trial court complied with the applicable statutes, including the requirement that Collins register with authorities for 15 years. Collins was sentenced to incarceration for twelve and one-half of those years.

{¶ 17} We are not in a position to say placing a juvenile who has been bound over to the general division of the common pleas court must be given the opportunity to avoid Tier

I status. We acknowledge that the sexual aspect of the gross sexual imposition charge to which Collins pled was minimal. Grabbing the buttocks of a female from outside her clothes could be considered more of a power activity than a sexual activity.

{¶ 18} Still, the statutes say what they say and we are not in a position to find the statutes unconstitutional given the posture of this case.

{¶ 19} The fourth and fifth assignments of error are overruled.

{¶ 20} The sixth assignment of error asserts that Collins should not have been sentenced to twelve and one-half years of incarceration based on what he did. We disagree.

{¶ 21} We note that of the twelve and one-half years, much of it resulted from the specifications to which he pled guilty. Collins could have received a sentence of eight years for the felonious assault conviction by itself. He received a sentence of six years.

{¶ 22} The firearm specification was a three-year specification to be served consecutively. The trial court had no choice but to enforce the statute.

{¶ 23} The school safety zone specification also was a mandatory sentence of two years to be served consecutively. No error was committed by complying with the statute.

{¶ 24} The gross sexual imposition sentence was in accord with the statutory range. It was an act, in many ways, independent of the shooting and could be imposed as an independent sentence.

{¶ 25} The record before us fully supports the sentences. The sixth assignment of error is overruled.

{¶ 26} We find no basis for an assertion of ineffective assistance of counsel. Counsel had no viable argument that Collins did not shoot his victim. The amenability decision was heavily contested. The adult registration statute had to be applied once Collins was bound over to the general division of the court of common pleas.

{¶ 27} The seventh assignment of error is overruled.

{¶ 28} All seven assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT, J., concurs.
SADLER, J., concurs in judgment only.