ASAD, Appellant,

v.

**STATE MEDICAL BOARD OF OHIO, Appellee.**

[Cite as *Asad v. Ohio State Med. Bd.* (1992), 79 Ohio App.3d 143.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1235.

Decided May 12, 1992.

*Daniel D. Connor Co., L.P.A.,* and *Daniel D. Connor,* for appellant.

*Lee I. Fisher,* Attorney General, and *Susan C. Walker,* Assistant Attorney General, for appellee.

---

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Younis A. Asad, M.D., appellant, from the October 4, 1991 judgment entry of the Franklin County Court of Common Pleas which affirmed the order of the State Medical Board of Ohio ("board"), which revoked appellant's license to practice medicine and surgery. Appellant has set forth the following two assignments of error:

"First Assignment of Error:

"The Court of Common Pleas applied an incorrect scope of review in reviewing the decision of the State Medical Board.

"Second Assignment of Error:

"The Court of Common Pleas erred in affirming an agency order based on findings by the attorney hearing examiner that were not reliable, probative and substantial, and were not in accordance with law."

The record establishes that on February 12, 1990, appellant was found guilty of gross sexual imposition by the Lucas County Court of Common Pleas after entering a plea of no contest. On March 12, 1990, appellant was sentenced to one and one-half years of incarceration and was required to pay a $1,000 fine. Appellant was jailed for approximately thirty days before being released on shock probation. Appellant was required to serve three years of probation during which he was to participate in one hundred hours of community service and attend a counseling group for sex offenders.

Based upon his being found guilty of gross sexual imposition and because five other female patients came forward and accused appellant of touching them in a manner outside the scope of legitimate medical contact, the board notified appellant that it proposed to take disciplinary action against his certificate to practice medicine and surgery in the state of Ohio. The matter was heard before a hearing examiner for the board on August 21, 22, 23 and September 4, 1990. As a result of that hearing, the hearing examiner made extensive findings of fact and recommended that the board revoke appellant's certificate to practice medicine and surgery. On November 15, 1990, the board affirmed the report and recommendation of the hearing examiner and revoked appellant's license to practice medicine and surgery in the state of Ohio.

Appellant pursued an appeal to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. After reviewing the record, the trial court concluded that the decision of the board was supported by reliable, substantial and probative evidence and that it was in accordance with law. Therefore, the trial court affirmed the decision of the board to revoke appellant's license to practice medicine and surgery in the state of Ohio. Thereafter, appellant perfected a timely appeal to this court.

Inasmuch as appellant's assignments of error are interrelated, this court will address them jointly.

Preliminarily, we note that a court of common pleas must affirm the order of the board if the order is supported by reliable, probative and substantial evidence. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. In reviewing the administrative order, the common pleas court generally defers to the administrative resolution of issues on which there is conflicting evidence. *Gordon v. Ohio Dept. of Adm. Serv.* (Mar. 31, 1988), Franklin App. No. 86AP–1022, unreported, 1988 WL 37094. On appeal, our review of the common pleas court decision is further limited to an abuse of discretion standard. *Ford v. Ohio Dept. of Natural Resources* (1990), 67 Ohio App.3d 755, 588 N.E.2d 884.

■ Appellant argues that the trial court applied an incorrect scope of review in reviewing the decision of the board and, furthermore, that the trial court erred in affirming the board's order based on the findings of the hearing examiner which appellant argues were not reliable, probative, or substantial and which were not in accordance with law. Appellant specifically directs this court's attention to the following statement made by the trial court in its decision:

" * * * The Court is not free to engage in a redetermination of the evidence if there is reliable, substantial and probative [evidence] to support the Board's conclusion. * * *"

The trial court cited *Conrad, supra,* for the above proposition. This statement made by the trial court in its decision is not an incorrect statement of the law. The Ohio Supreme Court described the standard of review in appeals pursuant to R.C. 119.12 in *Conrad, supra,* 63 Ohio St.2d at 110, 17 O.O.3d at 66, 407 N.E.2d at 1267, as follows:

"In *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, [58 O.O. 51, 131 N.E.2d 390] paragraph one of the syllabus, this court held that a Court of Common Pleas must, in an appeal pursuant to this section, appraise all the evidence 'as to credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the * * * [administrative] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *.' However, *Andrews* also pointed out that R.C. 119.12 does not contemplate a trial *de novo* in the Court of Common Pleas * * *."

■ The appeal to the common pleas court is not a trial *de novo* because the court is limited to an examination of the record of the hearing before the administrative agency and such additional evidence as the court, in its discretion, may allow to be presented upon the theory that it is newly discovered. Therefore, this court finds that the trial court's single sentence to which appellant directs our attention is not indicative of the fact that the trial court applied an incorrect standard of review in this case.

■ Appellant appears to argue that the testimony presented by his witnesses outweighed the testimony presented by the five women who testified against him. Appellant argues that his witnesses' testimony established that he had performed his medical duties with respect to these patients according to the standard of care required.

Upon review of the record, this court finds that appellant's arguments are not well taken. The record clearly establishes that the medical treatment that appellant provided to his patients was properly within the standard of care to be expected by a physician in his practice. However, regardless of the fact that appellant's medical treatment was proper, certain other behavior of appellant to which the witnesses testified was clearly improper. Appellant and his witnesses testified that it is proper medical procedure to examine a patient's thyroid from the front and from behind the patient. However, it is clearly not proper medical procedure to press his erect penis into the buttocks of his female patients when he performs this examination. Likewise, the medical testimony was undisputed that it is proper medical procedure to rub an injection site in order to disburse the medication into the patient and to alleviate pain. However, it is clearly improper for a physician to press his erect penis into the buttocks of his female patients as he rubbed this injection site. Contrary to appellant's assertions, the board had substantial evidence before it, in addition to the felony conviction, to support its order to revoke the license of appellant.

This court finds that the trial court did not abuse its discretion in finding that the board's order was supported by substantial, reliable and probative evidence and was in accordance with law. Accordingly, appellant's first and second assignments of error are not well taken and are overruled.

Based on the foregoing, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PEGGY BRYANT and DESHLER, JJ., concur.