WISE, Appellee,

v.

OHIO MOTOR VEHICLE DEALERS BOARD, Appellant.

[Cite as *Wise v. Ohio Motor Vehicle Dealers Bd.* (1995), 106 Ohio App.3d 562.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 94CA006001.

Decided Sept. 27, 1995.

*Jonathan R. Wise, pro se.*

*Betty D. Montgomery,* Attorney General, and *Nancy H. Rogoff,* Assistant Attorney General, for appellant.

---

REECE, Judge.

Appellant, Ohio Motor Vehicle Dealers Board, appeals the court of common pleas' judgment in favor of plaintiff-appellee, Jonathan R. Wise. We reverse the lower court's decision.

I

On May 6, 1993, the Bureau of Motor Vehicles sent a field investigator to Wheels Auto Sales in Grafton, Ohio, regarding a complaint for nonpayment of damages following an accident. The accident involved a car bearing a dealer plate issued to Jonathan R. Wise, owner of Wheels Auto Sales. While on the premises the field investigator discovered several violations of R.C. 4517.03 and Ohio Adm.Code 4501:1–3–08. These violations were (1) the display lot, a grass area, did not have adequate hard surface ground cover; (2) business hours were not posted; (3) the office had no electricity, heat, or working phone; and (4) the dealership was not attended at least thirty hours per week.

On October 5, 1993, the Ohio Motor Vehicle Dealers Board ("board") notified Wise of the violations and of his right to request a formal hearing regarding the suspension or revocation of his dealer's license. On October 28, 1993, a field investigator again visited Wheels Auto Sales. The investigator, noting the same violations as above, also discovered that business records were not kept on the premises in violation of Ohio Adm.Code 4501:1–3–04.

Wise requested a formal hearing which was ultimately scheduled for July 14, 1994. On July 12, 1994, Wise voluntarily surrendered his motor vehicle dealer's license and the dealer plates in his possession to the Bureau of Motor Vehicles Dealer Licensing Division. On July 14, 1994, after giving Wise proper notice, the board conducted an administrative hearing regarding whether it should suspend or revoke the motor vehicle dealer license issued to Wise.

Wise did not appear for the July 14, 1994 hearing. After considering the testimony and other evidence presented, the board concluded that Wise had committed multiple violations of the governing statute and rules. The board voted to revoke Wise's license effective August 31, 1994 and issued an order including detailed findings of fact and conclusions of law.

On August 5, 1994, Wise appealed the decision to the Lorain County Court of Common Pleas. On October 17, 1994, that court entered judgment for Wise finding that because he surrendered his license prior to the administrative hearing he "did not have a license to revoke." The board now appeals.

## II

The board makes two assignments of error, the same premise underlying both: the trial court erred and abused its discretion in finding that because Wise surrendered his license prior to the board's decision, his license could not be revoked.

## A

 When reviewing an order of an administrative agency pursuant to R.C. 119.12, a common pleas court generally must affirm the agency's order if it is supported by reliable, probative and substantial evidence *and* is in accordance with the law. *Asad v. Ohio State Med. Bd.* (1992), 79 Ohio App.3d 143, 145, 606 N.E.2d 1064, 1065–1066, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267–1268. See, also, *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 470–471, 613 N.E.2d 591, 595–596; *Haehn v. Ohio State Racing Comm.* (1992), 83 Ohio App.3d 208, 211, 614 N.E.2d 833, 835; *Kiss v. Ohio Motor Vehicle Dealers Bd.* (1991), 76 Ohio App.3d 677, 679, 602 N.E.2d 1250, 1251–1252. In determining whether the agency's decision is supported by reliable, probative and substantial evidence, the trial court is required to give "due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati,* 63 Ohio St.2d at 111, 17 O.O.3d at 67, 407 N.E.2d at 1267. See, also, *Ohio Historical Soc.,* 66 Ohio St.3d at 471, 613 N.E.2d at 595–596; *In re Ghali* (1992), 83 Ohio App.3d 460, 465, 615 N.E.2d 268, 270–271; *Asad,* 79 Ohio App.3d at 145, 606 N.E.2d at 1065–1066. Thus, the common pleas court must undertake a "hybrid form of review," examining both the factual and legal determinations made by the agency. *Ohio Historical Soc.,* 66 Ohio St.3d at 471, 613 N.E.2d at 595–596; *Univ. of Cincinnati,* 63 Ohio St.2d at 111, 17 O.O.3d at 67, 407 N.E.2d at 1267–1268.

 "[In] reviewing an order of the court of common pleas which determined an appeal from an administrative agency based upon the * * * evidence, this court's scope of review is limited to whether the common pleas court abused its discretion." *Ghali,* 83 Ohio App.3d at 465–466, 615 N.E.2d at 271, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. An abuse of discretion implies "a decision which is without a reasonable basis or one which is clearly wrong." *Ghali,* 83 Ohio App.3d at 466,

615 N.E.2d at 271, citing *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

In the present case the court of common pleas did not undertake a review of the board's factual determinations concerning whether Wise committed violations of various statutory provisions. Rather, the court concluded as a matter of law that once Wise physically surrendered his license he was no longer subject to penalty. Therefore, we need only determine whether the court's decision was in accordance with the law.

### B

The Ohio Motor Vehicle Dealers Board, pursuant to R.C. 4517.32, "may make such reasonable rules as are necessary to carry out and effect sections 4517.01, 4517.04, 4517.05, 4517.06, 4517.07, 4517.08, 4517.09, 4517.10, 4517.12, 4517.13, 4517.23, 4517.30, 4517.32, and 4517.50 to 4517.65 of the Revised Code, and such further rules as are necessary relating to the time, place, and manner of conducting hearings on the issuance, suspension, or revocation of licenses* * *."

R.C. 4517.33 mandates that the Board "*shall* suspend or revoke * * * any dealer's * * * license * * * if any ground existed upon which the license or permit might have been refused, or if a ground exists which would be cause for refusal to issue a license or permit." (Emphasis added.) Additionally, the board may suspend or revoke a dealer's license if the licensee has in any manner violated the rules issued pursuant to R.C. 4517.01 to 4517.65. R.C. 4517.33.

■ Neither the Revised Code nor the Ohio Administrative Code rules promulgated pursuant to R.C. Chapter 119 and R.C. 4517.32 provide for a remedial measure such as voluntary license surrender in order to avoid penalty. In fact, according to R.C. 119.091, failure to hold an administrative hearing prior to license *expiration* does not deprive the agency of jurisdiction over the licensee. Even after license expiration an agency may enter an order of suspension. See *Haehn*, 83 Ohio App.3d at 211–212, 614 N.E.2d at 835–836. The present situation is not unlike that contemplated by R.C. 119.091 and before the court in *Haehn*.

■ "[A] statute should be interpreted to give a reasonable result consistent with legislative purpose and intent and not to defeat that intention or to render it a nullity." *Peltier v. Ohio Radio, Inc.* (1970), 25 Ohio App.2d 84, 88, 54 O.O.2d 119, 121, 266 N.E.2d 575, 577. If a motor vehicle dealer accused of statutory violations could voluntarily surrender his license prior to agency adjudication and thereby avoid suspension or revocation, R.C. 4517.33 would be rendered impotent. Under such circumstances, the dealer could circumvent the renewal application inquiry as to whether the applicant has had prior suspensions or revocation by the board. R.C. 4517.05; 4517.04(F), (G): This would enable the dealer to avoid

denial of his reapplication on the grounds of prior revocation or prior denial within twelve months. R.C. 4517.12(A)(10). The board's argument that such results would defeat the intent of R.C. 4517.12 and 4517.33 and seriously hamper the board's ability to regulate motor vehicle dealers in Ohio is compelling.

In *Peltier, supra,* the Ottawa County Court of Appeals held that the voluntary surrender, prior to a hearing convened by the Division of Securities, of a certificate of registration to sell stock did not "deprive the Director of Commerce of jurisdiction to proceed with such hearing and enter a final order of revocation." *Peltier,* 25 Ohio App.2d at 89, 54 O.O.2d at 122, 266 N.E.2d at 578. The court observed that to hold otherwise would " 'permit an offending registrant to stifle inquiry by [a] precipitate retreat on the eve of his exposure * * * [thereby] giv[ing] immunity to guilt * * *.' " *Id.,* quoting *Jones v. Securities & Exchange Comm.* (1936), 298 U.S. 1, 32, 56 S.Ct. 654, 664–665, 80 L.Ed. 1015, 1029 (Cardozo, J., dissenting).

■ *Peltier* is a correct statement of the law. Wise's voluntary surrender of his dealer's license prior to the board's adjudication did not deprive the board of its jurisdiction to order revocation of the license. The trial court's legal determination to the contrary was incorrect.

### III

The appellant's assignment of error is well taken. The Lorain County Court of Common Pleas improperly granted judgment in favor of appellee, Jonathan R. Wise. The judgment of that court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and HAYES, J., concur.

JERRY L. HAYES, J., of the Portage County Court of Common Pleas, Domestic Relations Division, sitting by assignment.