OPINION
Defendant-appellant, Edward B. Still, Jr., appeals the August 27, 2001 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections to the magistrate's February 9, 2001 decision. For the reasons that follow, we affirm the judgment of the trial court.
The parties in this instant action entered into an agreed final entry decree of divorce on March 4, 1994. This instant action arises out of a motion for contempt filed by plaintiff-appellee, Brenda D. Still, on November 5, 1999. A hearing was held on December 11, 2000, whereby appellant was found guilty of contempt for failure to pay child and spousal support to appellee in the amount totaling $29,423.84. Appellant was sentenced to 60 days in the Franklin County Jail, suspended upon appellant purging himself of contempt by paying appellee $550 per month plus a processing charge toward the arrearage.
On February 23, 2001, appellant filed objections to the magistrate's decision arguing that the magistrate's decision was against the manifest weight of the evidence. On May 31, 2001, appellant filed supplemental objections to the magistrate's decision. Appellant argued that the magistrate erred when she failed to consider his January 13, 1999 motion to reallocate parental rights and responsibilities and, as a result, the magistrate incorrectly calculated child and spousal support arrearages. After a de novo review, the trial court held that there was sufficient evidence for the magistrate to find appellant in contempt. The trial court agreed with the magistrate's findings and calculations of appellant's arrearages, and therefore overruled appellant's objections. It is from that judgment appellant appeals, raising the following two assignments of error:
 I. The trial court committed reversible error in failing to rule upon defendant's pending motion to reallocate parental rights and responsibilities.
 II. The magistrate should have found, upon ruling of the reallocation of parental rights, a defacto date of emancipation that would drasticly [sic] alter the child support and spousal support arrearages.
In the first assignment of error, appellant contends that the trial court committed reversible error when it failed to consider his January 13, 1999 motion to reallocate parental rights and responsibilities at the time the trial court determined arrearages for both child and spousal support at the December 11, 2000 hearing. Appellant contends that while emancipation of the youngest child, Kelly Still, may not have been at issue, the motion was still relevant as to the determination of child and spousal support arrearages which was the subject of appellee's contempt motion. Appellant argues that if the trial court ruled on his motion, the arrearages would have been affected.
The trial court has discretion to consider motions properly before it. We will not disturb the decision of the trial court unless it constitutes an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460,466.
On March 18, 1996 and June 6, 1996, appellant filed motions for reallocation of parental rights and responsibilities, respectively. On March 26, 1998, the parties entered into an agreed judgment entry agreeing to dismiss both appellant's motions with prejudice, along with agreeing on monthly child support payments, monthly child support arrearage payments, and monthly spousal support arrearage payments.
On January 13, 1999, appellant filed a third motion to reallocate parental rights and responsibilities. In this motion, appellant argued that appellee was not the parent with whom Kelly should be residing, and that his child support payments for Kelly should be terminated and he should be awarded custody of Kelly. However, on December 21, 1999, both appellant and appellee joined their adult daughter, Susan Still, as a party and agreed to relinquish custody of Kelly to Susan, effective December 21, 1999.[1] Therefore, at the December 11, 2000 hearing, appellant's January 13, 1999 motion was not properly before the court for consideration. As a result, appellant's motion was rendered moot and impliedly overruled by the magistrate.
While appellant argues that the trial court erred in failing to consider his motion to reallocate parental rights and responsibilities filed January 13, 1999, we find that the trial court did not act arbitrarily in refusing to consider appellant's motion at the December 11, 2000 hearing. The trial court correctly held that appellant's motion was resolved prior to the December 11, 2000 hearing when the parties agreed to relinquish all rights and responsibilities of Kelly to Susan. Accordingly, we find no abuse of discretion by the trial court.
Furthermore, appellant argues that the magistrate erred when $3,601.46 in past support arrearage was included in the arrearage amount of $29,423.84. Appellant argues that the amount of $3,601.46 was previously considered when the parties agreed to support arrearages in the March 26, 1998 agreed judgment entry. We disagree.
On November 21, 1994, the trial court found appellant guilty of contempt for failing to pay $3,173 in child support payments from March 4, 1994 to September 27, 1994, and other payments owed to appellee in the amount of $438.46 from March 4, 1994 to September 15, 1994, less a credit of $10 paid by appellant. The trial court found the total judgment owed to appellee, as of September 27, 1994, was $3,601.46.
When the parties entered into the March 26, 1998 agreed judgment entry, the parties agreed that appellant owed appellee child support arrearage from September 27, 1994 until January 14, 1998, in the amount of $7,021.40, and spousal support arrearages from September 27, 1994 until February 26, 1996, in the amount of $4,950, totaling $11,971.40. Appellant has failed to demonstrate, and there is no indication in the agreed judgment entry, that the parties considered arrearages prior to September 27, 1994 in the amount of $3,601.46 when they entered into the agreement.
The magistrate's February 9, 2001 decision included arrearage amounts as of January 14, 1998, which totaled $29,423.84. This amount does include the arrearage amount of $3,601.46. The trial court did not err and abuse its discretion in including this amount, as careful review of the record shows that $3,601.46 in support arrearages was not considered by the parties in their March 26, 1998 agreed judgment entry. Accordingly, appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the trial court should have determined a de facto date of emancipation for Kelly that would have altered the child and spousal support arrearages. Appellant argues that Kelly was living an emancipated lifestyle during the time of the litigation. Appellant contends that because Kelly was emancipated, the amount of child and/or spousal support would be drastically affected.
Civ.R. 53(E)(3)(b) states in pertinent part that, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding under Civ.R. 53. Under Ohio law, the failure to raise an issue at the trial level waives it on appeal. State v. Comen (1990),50 Ohio St.3d 206; State v. Williams (1977), 51 Ohio St.2d 112.
In this case, the magistrate issued the decision in question on February 9, 2001. Although appellant timely filed his objections on February 23, 2001, the record indicates that he did not raise this objection of a de facto date of emancipation at that time, nor did he include it in his supplemental objections filed May 31, 2001. Accordingly, we find that appellant failed to raise this issue in the trial court and, therefore, may not now do so on appeal. Accordingly, appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK, P.J., and BROWN, J., concur.
[1] On December 21, 1999, the magistrate found that the agreed judgment entry entered into on October 12, 1999 was apparently lost and not filed with the trial court. The magistrate repeated and incorporated the terms of that prior agreement in an entry filed on December 29, 1999. On December 29, 1999, the trial court adopted and approved the magistrate's decision.