OPINION
{¶ 1} Defendant-Appellant, Anthony J. Cunningham, appeals from the March 7, 2002 judgment entry of the Franklin County Court of Common Pleas overruling appellant's request to file a motion for a new trial. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 4, 1999, a jury found appellant guilty on four counts of rape, one count of kidnapping, and two counts of gross sexual imposition. On December 10, 1999, the trial court deemed appellant to be a sexual predator.[1] Appellant timely appealed his conviction.[2]
 {¶ 3} After this court affirmed appellant's conviction, appellant filed a memorandum in support of jurisdiction with the Ohio Supreme Court on November 6, 2000. The Ohio Supreme Court declined jurisdiction on February 7, 2001.[3]
 {¶ 4} Between March 27, 2001 and the trial court's March 7, 2002 judgment entry, which is the subject of this appeal, appellant filed numerous other motions before the trial court. On March 1, 2002, appellant filed a "Motion for leave to file a delayed Motion." On March 6, 2002, appellant filed a second "Motion for New trial Crim.R. 33A(1)." On March 7, 2002, the trial court denied appellant's motion stating that appellant did not state any grounds for the late filing of his motion if leave was granted.[4] It is from this judgment that appellant timely appeals, assigning the following as error:
 {¶ 5} "First Assignment of Error
 {¶ 6} "The trial judge abused his discretion in denying defendant's `motion for leave' and by not holding a hearing when document's [sic] provided prove defendant's cliam [sic], discretion was further abused by the trial judge claiming `no grounds was [sic] stated for the motion if leave was granted.' Defendant was denied due process of laws and procedures."
 {¶ 7} In his sole assignment of error, appellant alleges that the trial court abused its discretion by denying his motion for a new trial without a hearing when appellant stated grounds for a new trial. Specifically, appellant contends that being deprived of his constitutional rights, receiving ineffective assistance of counsel, and being unavoidably prevented from discovering new evidence are grounds for a new trial.
 {¶ 8} Crim. R. 33 states in pertinent part:
 {¶ 9} "(A) Grounds
 {¶ 10} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 11} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 {¶ 12} "* * *
 {¶ 13} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 14} Crim.R. 33(B) provides that:
 {¶ 15} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 {¶ 16} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 17} A motion for a new trial pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph ten of the syllabus. Accordingly, a trial court's ruling on such motion will not be disturbed absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565; and In re Ghali (1992),83 Ohio App.3d 460, 466.
 {¶ 18} In this case, a careful review of the record shows that appellant's motion was filed more than two years after the time in which he was required to file it. Therefore, Appellant's motion was untimely. Additionally, a review of the record shows that in addition to asserting "lack of Adult Basic Education" as grounds for a new trial, appellant also attached, to his motion for a new trial, an affidavit of his brother, Mario Cunningham, as "newly discovered evidence."
 {¶ 19} In Mario's affidavit, he claims that in October 1999, after appellant's trial, he had a telephone conversation with the victim. Mario states that the victim allegedly admitted to fabricating the story that appellant forced her to engage in sexual conduct. Not only is this conversation hearsay, but also appellant has failed to prove, by clear and convincing evidence, how he "was unavoidably delayed from the discovery of this information."
 {¶ 20} We find appellant's conclusory statement that he was unavoidably delayed to be insufficient to demonstrate clearly and convincingly that he could not have discovered this new "evidence" with due diligence. Therefore, pursuant to Crim.R 33(B), which requires appellant to show by clear and convincing evidence that he was unavoidably delayed from discovery of this new evidence, and because appellant has failed to present any evidence to demonstrate the cause of the delay, we find no abuse of discretion in the trial court's failure to grant appellant's "motion for leave to file a delayed motion" for a new trial. Accordingly, we find the trial court did not abuse its discretion when it denied appellant's motion for a new trial. Appellant's motion was untimely filed, and appellant failed to present clear and convincing proof that he was unavoidably prevented from discovering his brother's testimony within the 120-day time period of Crim.R. 33.
 {¶ 21} Furthermore, we note the trial court never gave leave to file the motion out of time. By judgment entry filed March 7, 2002, the trial court reviewed appellant's "Motion for leave to file a delayed motion" and denied the motion. We find the claim of ineffective assistance of trial counsel, as presented dehors the record, is not within the parameters of Crim.R. 33(E) including subsection (5) which states as follows:
 {¶ 22} "(E) Invalid grounds for new trial
 {¶ 23} "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
 {¶ 24} "* * *
 {¶ 25} "(5) Any other cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial."
 {¶ 26} The proper statutory remedy to pursue the issue would have been a petition for post-conviction relief pursuant to R.C. 2953.21. Accordingly, we find the trial court did not abuse its discretion in denying appellant's motion for a new trial. As such, appellant's sole assignment of error is not well-taken.
 {¶ 27} For the following reasons, appellant's first assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.
[1] On June 12, 2000, appellant filed a motion for a new trial. On June 29, 2000, the trial court overruled appellant's motion.
[2] State v. Cunningham (Sept. 21, 2000), Franklin App. No. 00AP-67. A thorough procedural and factual history of this case is included in our opinion ruling upon Cunningham's first appeal.
[3] State v. Cunningham (2001), 91 Ohio St.3d 1428.
[4] On March 14, 2002, after the trial court denied Appellant's motion, the State filed a memorandum contra to defendant's motion for leave to file a delayed motion.