OPINION
{¶ 1} Plaintiff-appellant, Donald Bailey d/b/a License Resque ("appellant"), appeals from the March 26, 2002 decision of the Franklin County Court of Common Pleas, granting defendants-appellees', Ohio Department of Motor Vehicles et al. ("appellees"), motion for summary judgment, and denying appellant's motion for summary judgment. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Appellant owns and operates License Resque. Appellant is in the business of assisting people who have had their driver's license suspended by getting these individuals' driving privileges reinstated through the Ohio Bureau of Motor Vehicles ("BMV"). Appellant gathers all of the necessary information to submit to the Reinstatement Center of the BMV in order for the bureau to issue a clearance letter reinstating an individual's driving privileges.
 {¶ 3} Appellant employed Darin Bailey, his son, and Leo Savage to assist him with running his business. Darin Bailey works part-time in helping around the office, while Savage, in addition to helping appellant run his business, assists with going to the reinstatement center of the BMV.
 {¶ 4} On March 30, 2000, Shirley Franklin, Supervisor of the Reinstatement Center, issued a notice letter to agents informing them of the following guideline changes for conduct of business at the Reinstatement Center:
 {¶ 5} "Monday/Friday, Agent/Runner/Carrier(s) can only submit one (1) BMV 2073 form (information sheet) at a time.
 {¶ 6} "Tuesday, Wednesday and Thursday Agent/Runner/Carrier(s) can submit four (4) 2073's (information sheets).
 {¶ 7} "Each Agent/Runner/Carrier(s) completes the BMV 2073 form(s) and the greeter will process the BMV 2073 form(s) and agent wait in the overflow area.
 {¶ 8} "The Agent/Runner/Carrier(s) will wait until his/her names is called over the intercom. The agent is to proceed to the appropriate workstation (1-12) in the PSA to be serviced. (One/four case(s) will be processed by the same caseworker).
 {¶ 9} "If a warrant is posted on your client, only information will be provided is the name of the court.
 {¶ 10} "When all one/four cases are completed, the Agent/Runner/Carrier may return to the greeter follow the same procedure again, (i.e., complete one/four BMV 2073 form(s), processed by the greeter, have seat, wait until case worker calls, report to work station).
 {¶ 11} "Only one (1) case may be submitted to greeter at 4:15 p.m. Monday thru Friday."
 {¶ 12} On April 4, 2000, appellant filed a complaint seeking to have the March 30, 2000 guideline declared unconstitutional in that the guidelines deprived appellant of due process of law, equal protection, discriminated against appellant, and operated to harass and damage appellant's business. Also on April 4, 2000, appellant filed a motion for temporary restraining order and a motion for preliminary injunction. On April 6, 2002, the trial court denied appellant's motion for temporary restraining order.
 {¶ 13} On May 5, 2000, appellees filed a Civ.R. 12(B)(6) motion to dismiss. On May 18, 2000, appellant filed a memorandum contra to appellees' motion to dismiss. Also on May 18, 2000, appellant filed an amended and supplemental complaint alleging that the BMV had no lawful ground to deny appellant access to the bureau's weekly suspension list.
 {¶ 14} On May 30, 2000, the magistrate overruled appellant's motion for preliminary injunction. On June 15, 2000, appellant filed objections to the magistrate's decision. On June 19, 2000, the trial court construed appellees' May 5, 2000 motion to dismiss as a Civ.R. 56(C) motion for summary judgment. The trial court, in finding that appellant's equal protection and due process rights were not violated, granted appellees' motion to dismiss.
 {¶ 15} Appellant timely appealed the June 19, 2000 judgment of the trial court.[1] On appeal, this court reversed and remanded the trial court's judgment concluding that the trial court, in considering matters outside of the face of appellant's complaint, failed to notify the parties of its actions. On December 26, 2000, the trial court gave the parties notice that appellees' motion to dismiss was being considered by the trial court as a Civ.R. 56(C) motion for summary judgment. The trial court gave the parties until January 17, 2001, to file any additional evidence permissible under Civ.R. 56.[2]
 {¶ 16} On July 18, 2001, the trial court partially granted appellees' motion for summary judgment, denied appellant's request for the court to take judicial notice, and denied appellant's motion to strike. The trial court concluded that neither the BMV nor Shirley Franklin had a statutory or constitutional duty to provide appellant with the weekly suspension list. The trial court granted partial summary judgment with respect to appellant's due process and equal protection claims, concluding that, with the introduction of evidence regarding racial discrimination, there existed a genuine issue of material fact as to whether appellees discriminated against appellant on the basis of race. By entry filed October 1, 2001, the parties agreed that appellant could amend his complaint to address the racial discrimination claim.
 {¶ 17} On February 14, 2002, appellees filed a motion for summary judgment on appellant's racial discrimination claim. On March 12, 2002, appellant filed a memorandum in opposition to appellees' motion. On March 26, 2002, the trial court construed appellant's racial discrimination claim as one brought under § 1983 of the Civil Rights Act of 1964 and granted appellees' motion for summary judgment. It is from this judgment that appellant appeals raising the following assignments of error:
 {¶ 18} "1. The trial court erred and thereby deprived appellant of due process of law as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution by granting defendants motion for summary judgment knowing that the defendants adopted and actively pursued a drop off policy and guidelines of March 30, 2000 without any compliance to the Ohio Revised Code 119.01 to 119.13 known as the Ohio Administrative Procedure Act. The defendants were deliberatively indifferent to the constitutional rights of plaintiff-appellant and citizens of Ohio reaches constitutional dimensions and is actionable under the Civil Rights Act of42 U.S.C. § 1983.
 {¶ 19} "2. The trial court erred and thereby deprived appellant of due process and equal protection of the law as guaranteed by theFourteenth Amendment to the United States Constitution by granting defendants motion for summary judgment without addressing the issue if there is a right or expectation of privacy with respect to bureau of motor vehicles records and if none exists then Ohio Revised Code section4501.27 is unconstitutional either facially or as applied to the appellant.
 {¶ 20} "3. The trial court erred and thereby deprived appellant of due process and equal protection of the law as guaranteed by theFourteenth Amendment to the United States Constitution in granting defendants motion for summary judgment after conspiring with the state's attorney to deny plaintiff 'adequate effective and meaningful' access to the trial court and the trial judge demonstrated bias was due to the fact that three previous trial judges has recused themselves." (Emphasis sic.)
 {¶ 21} As to appellant's contentions that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 {¶ 22} "* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 23} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 24} Appellate review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 25} In appellant's first assignment of error, he contends that the trial court deprived him of due process of law where the trial court granted appellees' motion for summary judgment when the trial court knew that appellees' drop-off policy and the March 30, 2002 guidelines did not comply with the Ohio Administrative Procedure Act.
 {¶ 26} In appellant's original complaint filed on April 4, 2000, his amended and supplemental complaint filed on May 18, 2000, his supplemental complaint filed on March 13, 2001, and in his amended complaint filed on October 15, 2001, appellant failed to raise the issue that the drop-off policy and March 30, 2000 guidelines did not comply with the Ohio Administrative Procedure Act. Appellant cannot raise any new issues for the first time on appeal. Under Ohio law, the failure to raise an issue at the trial level waives it on appeal. State v. Lorraine (1993), 66 Ohio St.3d 414; State v. Comen (1990), 50 Ohio St.3d 206; State v. Williams (1977), 51 Ohio St.2d 112. As such, we overrule appellant's first assignment of error.
 {¶ 27} In his second assignment of error, appellant argues he was deprived of his due process and equal protection rights when the trial court granted appellees' motion for summary judgment without addressing the constitutionality of the Driver's Privacy Protection Act ("DPPA"). Appellant further contends that, if the DPPA is unconstitutional, then R.C. 4501.27 is constitutional.
 {¶ 28} In Reno v. Condon (2000), 528 U.S. 141, 148, 120 S.Ct 666, the United States Supreme Court held that:
 {¶ 29} "* * * [T]he DPPA is a proper exercise of Congress' authority to regulate interstate commerce under the Commerce Clause, U.S. Const., Art. I, § 8, cl. 3 [footnote omitted]. The United States bases its Commerce Clause argument on the fact that the personal, identifying information that the DPPA regulates is a `thin[g] in interstate commerce,' and that the sale or release of that information in interstate commerce is therefore a proper subject of congressional regulation. United States v. Lopez [1995], 514 U.S. 549, 558-559,115 S.Ct. 1624. * * * Because drivers' information is * * * an article of commerce, its sale or release into the interstate stream of business is sufficient to support congressional regulation. * * *"
 {¶ 30} On June 1, 2000, R.C. 4501.27 was amended to incorporate the requirements of the DPPA. Appellant cites no legal authority in support of his argument that the trial court violated his equal protection and due process rights. As the Supreme Court has held that the DPPA is constitutional, appellant's argument that his due process and equal protection rights were violated lacks merit. As such, appellant's second assignment of error is not well-taken.
 {¶ 31} In his third and final assignment of error, appellant sets forth three instances in which the trial court allegedly deprived appellant of his due process and equal protection rights in granting appellees' motion for summary judgment. First, appellant contends that the trial court conspired with the state's attorney in denying appellant "adequate, effective and meaningful" access to the trial court. Appellant argues that, because of the trial court rulings, he was deprived of his property interest and was thus unable to substantiate his claim of racial discrimination and allegations of unconstitutional conduct by appellees. At the onset, we note that appellant provides no credible basis for his claim of a conspiracy between the trial judge and the state's attorney. As such, appellant's assertion of a conspiracy lacks any evidentiary support.
 {¶ 32} Appellant contends that the trial court allowed appellees to file a motion for summary judgment without leave from the court and that this action obstructed justice and deprived appellant the opportunity to present his constitutional claims before a jury. Appellant specifically argues appellees' February 20, 2002 motion for leave to file motion for summary judgment instanter was filed without leave from the court. Appellant's argument is unfounded. A review of the record reveals that, on February 25, 2002, the trial court granted appellees leave to file their motion for summary judgment. See Motion Hearing on All Pending Motions, February 25, 2002. As such, appellees' motion was filed with leave from the trial court.
 {¶ 33} Second, appellant argues that the trial court abused its discretion by allowing appellees to file an untimely answer to appellant's amended complaint. Civ.R. 6(B)(2) allows for an extension of time to file a late pleading within the trial court's discretion "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." A ruling by the trial court on such a motion will be upheld absent an abuse of discretion. Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565; and In re Ghali (1992),83 Ohio App.3d 460, 466.
 {¶ 34} In their memorandum in support attached to their motion, appellees alleged they failed to promptly file their answer to appellant's amended complaint due to the voluminous motions and pleadings to which they had to respond. As appellees demonstrated excusable neglect, it was not an abuse of discretion for the trial court to accept appellees' untimely answer to appellant's amended complaint.
 {¶ 35} Finally, appellant argues that the trial court demonstrated bias when the trial judge did not join Leo Savage as an additional party to appellant's complaint, and denied appellant's request to join additional defendants to the action. The attempt to enjoin additional parties was very late in the proceedings. As the trial court pointed out in the entry dated January 18, 2002, the additional parties had not been served and attempted joinder was within two months of trial. Granting joinder would have prejudiced the rights of the original defendants and necessitated delaying the completion of the case. Furthermore, on March 26, 2002, the trial court held that the additional parties were not parties necessary for the just adjudication of appellant's claims.
 {¶ 36} Civ.R. 19 governs whether to allow amendment of pleadings, and lies within the sound discretion of the trial court. Only if there is an abuse of discretion, will a reviewing court reverse. After reviewing the record, we find no abuse of discretion. It was well within the discretion of the trial court to deny joinder of the additional parties. As such, appellant's third assignment of error lacks merit.
 {¶ 37} Because the trial court properly granted appellees' motion for summary judgment and for the foregoing reasons, appellant's assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and KLATT, JJ., concur.
[1] Bailey d/b/a License Resque v. Ohio Dept. of Motor Vehicles (Dec. 21, 2000), Franklin App. No. 00AP-698.
[2] During this time, both parties filed numerous motions.