[Cite as *Columbus v. Smith*, 2014-Ohio-668.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Columbus,                              :

     Plaintiff-Appellee,                    :

v.                                             :                  No. 13AP-564
                                           (M.C. No. 2012 CRB 22462)

Kitwan Smith,                                  :

     Defendant-Appellant.                   :                  (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on February 25, 2014

---

*Richard C. Pfeiffer, Jr.,* City Attorney, *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias*, for appellee.

*Timothy Young*, Ohio Public Defender, and *Melissa M. Prendergast*, for appellant.

---

APPEAL from the Franklin County Municipal Court

TYACK, J.

{¶ 1} Kitwan Smith is appealing from the finding of guilty following his no contest plea to a charge of disorderly conduct as a misdemeanor of the fourth degree. He assigns a single error for our consideration:

> The trial court abused it discretion and deprived Mr. Smith due process of law when it denied Mr. Smith's request for a brief continuance of the trial date to secure the necessary prior testimony of the City's witnesses and to allow his newly retained counsel to prepare an adequate defense, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

{¶ 2}   Smith was originally charged with assault and disorderly conduct. The charges arose out of an encounter between Smith and Ansumana Cooper on August 16, 2012. The charges were not filed until September 5, 2012. Smith was arrested on December 6, 2012 and arraigned on December 7, 2012. At that time, a jury demand was filed by counsel affiliated with the Franklin County Public Defender's office.

{¶ 3}   Because Smith's speedy trial rights were not waived, the case was set for a pretrial conference on January 7, 2013.

{¶ 4}   Three days before the pretrial, private counsel filed a demand for discovery on Smith's behalf. Private counsel appeared at the pretrial on Smith's behalf and formally entered his appearance. Counsel signed a waiver of Smith's speedy trial rights and the pretrial conference was continued to March 18, 2013.

{¶ 5}   On March 11, 2013, private counsel filed a motion seeking leave to withdraw as counsel. The motion alleges Smith had terminated the attorney-client relationship "due to economic reasons." The motion asserted that Smith had lost his job and therefore qualified once again for the services of a public defender.

{¶ 6}   Smith appeared on behalf of himself at the March 18, 2013 pretrial conference and was notified that his case was set for a jury trial on April 3, 2013. Witnesses were subpoenaed for that date.

{¶ 7}   On April 3, 2013, the case was continued at Smith's request to May 29, 2013. Witnesses were again subpoenaed. Ansumana Cooper now resided in Cuyahoga Falls, Ohio–a two hour distance from Columbus.

{¶ 8}   On April 9, 2013, a public defender filed a demand for discovery on Smith's behalf. This time the representation lasted a little over one month. On May 14, 2013, the trial court allowed the public defender's office to withdraw because Smith again wanted to hire private counsel.

{¶ 9}   Two weeks later, the private attorney who represented Smith earlier filed a document indicating he was providing reciprocal discovery to the prosecution. The reciprocal discovery included a list of six witnesses, one of them the defendant, Smith. The attorney also filed a formal written notice of appearance as counsel.

{¶ 10} The same counsel filed a motion requesting that the jury trial set for the next day be reassigned. The assigned trial court judge refused the continuance.

{¶ 11} Smith and his counsel then worked out a plea bargain under the terms of which the more serious charge was dismissed and a no contest plea was entered to disorderly conduct.

{¶ 12} We see no abuse of discretion by the trial court judge. The attorney who had represented Smith earlier had requested discovery and had provided reciprocal discovery. The record includes allegations that the attorney had represented Smith at a prior evidentiary hearing when Ansumana Cooper had pursued a civil stalking protection order. Counsel knew of the trial date and could not assume that the trial court judge would continue the case one more time.

{¶ 13} Further, the fact that prosecution witnesses were coming a significant distance was a factor the judge could legitimately consider.

{¶ 14} "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *Wise v. Ohio Motor Vehicle Dealers Bd.*, 106 Ohio App.3d 562, 565 (1995); and *In re Ghali*, 83 Ohio App.3d 460, 466 (10th Dis.1992). The trial court did not abuse its discretion in refusing the last minute request for a continuance.

{¶ 16} The sole assignment of error is overruled. The judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

_____