[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant-appellant, Ronn K. Brooks, appeals from five separate December 12, 2001 judgment entries of the Franklin County Court of Common Pleas in which appellant pled guilty to robbery, three separate counts of violating protection orders and menacing by stalking. The trial court sentenced appellant to five concurrent sentences for a total of three years imprisonment. For the reasons that follow, we affirm in part, and reverse and remand in part the decision of the trial court.
{¶ 2} Appellant was indicted on May 29, 2001 on one count of robbery, a felony of the second degree, one count of robbery, a felony of the third degree, one count of domestic violence, and one count of violating a protection order or consent agreement (case No. 01CR-05-3172). On July 11, 2001, appellant was indicted on one count of violating a protection order or consent agreement (case No. 01CR-07-3893). On July 27, 2001, appellant was indicted on one count of violating a protection order (case No. 01CR-07-4295). On August 17, 2001, appellant was indicted on one count of menacing by stalking (case No. 01CR-08-4746) and, on September 26, 2001, appellant was indicted on one count of violating a protection order or consent agreement, and one count of menacing by stalking (case No. 01CR-09-5404). The victim in each of the instances was appellant's estranged wife, Jennifer Brooks.
{¶ 3} On October 10, 2001, appellant entered a plea of guilty to robbery, a felony of the third degree in case No. 01CR-05-3172. Upon application of the prosecuting attorney, and for good cause shown, the trial court ordered that nolle prosequi be entered for the offenses of robbery, a felony of the second degree, domestic violence, and violating a protection order. Appellant was sentenced to three years to run concurrent with case Nos. 01CR-09-5404, 01CR-07-4295, 01CR-08-4746, and 01CR-07-3893.
{¶ 4} In case No. 01CR-07-3893, appellant entered a plea of guilty to violating a protection order. The trial court sentenced appellant to 17 months incarceration to run concurrent with case Nos. 01CR-09-5404, 01CR-05-3172, 01CR-08-4746 and 01CR-07-4295.
{¶ 5} In case No. 01CR-07-4295, appellant entered a plea of guilty to violating a protection order. The trial court sentenced appellant to 11 months incarceration, to run concurrent with case Nos. 01CR-09-5404, 01CR-05-3172, 01CR-08-4746 and 01CR-07-3893.
{¶ 6} In case No. 01CR-08-4746, appellant entered a plea of guilty to menacing by stalking. The trial court sentenced appellant to 17 months incarceration, to run concurrent with case Nos. 01CR-09-5404, 01CR-05-3172, 01CR-07-3893, and 01CR-07-4295.
{¶ 7} Finally, in case No. 01CR-09-5404, appellant pled guilty to violating a protection order. Upon application of the prosecuting attorney, and for good cause shown, the trial court ordered that a nolle prosequi be entered for the offense of menacing by stalking. The trial court sentenced appellant to 11 months incarceration, to run concurrent with case Nos. 01CR-05-3172, 01CR-07-3893, 01CR-08-4746 and 01CR-07-4295. Appellant was sentenced to an aggregate term of incarceration of three years.
{¶ 8} Appellant timely filed five notices of appeal. On January 18, 2002, this court sua sponte consolidated the five appeals. A ppellant sets forth the following three assignments of error:
{¶ 9} "ASSIGNMENT OF ERROR NUMBER ONE:
{¶ 10} "THE DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED INTO AND WAS ACCEPTED IN VIOLATION OF CRIM.R. 11 AND DUE PROCESS GUARANTEES UNDER THE STATE AND FEDERAL CONSTITUTIONS.
{¶ 11} "ASSIGNMENT OF ERROR NUMBER TWO:
{¶ 12} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S PRESENTENCE REQUEST TO WITHDRAW HIS GUILTY PLEAS WHEN THE RECORD INDICATES THAT THE PLEAS WERE NOT KNOWINGLY OR VOLUNTARILY ENTERED.
{¶ 13} "ASSIGNMENT OF ERROR NUMBER THREE:
{¶ 14} "THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN IT FAILED TO PLACE FINDINGS ON THE RECORD WHICH WOULD HAVE ALLOWED FOR THE IMPOSITION OF A LONGER SENTENCE."
{¶ 15} In his first assignment of error, appellant argues that his guilty pleas were not knowingly and voluntarily entered into, and were accepted in violation of Crim.R. 11 and his Due Process rights. Appellant specifically contends that the trial court failed to properly conduct a "meaningful colloquy" in order to determine whether appellant's guilty pleas were knowingly, voluntarily, and intelligently entered into, and whether appellant understood the nature of the charges.
{¶ 16} Crim.R. 11(C)(2) addresses guilty pleas in felony cases and provides, in pertinent part, the following:
{¶ 17} "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
{¶ 18} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
{¶ 19} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
{¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
{¶ 21} A trial court must strictly comply with the provisions of Crim.R. 11(C)(2)(c) which relates to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process, and the right to require the state to prove guilt beyond a reasonable doubt. State v. Colbert (1991), 71 Ohio App.3d 734,737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court need not utilize the precise language set forth in Crim.R. 11(C)(2)(c), the defendant must be informed of the critical constitutional rights in a manner reasonably intelligible to the defendant. State v. Ingram (Mar. 5, 2002), Franklin App. No 01AP-854, citing Ballard, supra, paragraph two of the syllabus. A trial court's failure to strictly comply with the constitutional provisions of Crim.R. 11(C) constitutes prejudicial error. Ingram, supra.
{¶ 22} When a defendant's challenge to a plea is premised upon a trial court's alleged failure to inform the defendant about nonconstitutional matters, only substantial compliance is required. State v. Stewart (1977), 51 Ohio St.2d 86, 92-93; Colbert, supra; State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Moreover, a defendant who challenges a guilty plea on a nonconstitutional basis must demonstrate a prejudicial effect. Stewart; Nero, supra. The test is whether the plea would otherwise have been made. Stewart, supra.
{¶ 23} In the instant case, appellant's challenge to his guilty plea concerns two nonconstitutional issues; whether the trial court complied with Crim.R. 11(C)(2)(a) and 11(C)(2)(b). Contrary to appellant's assertions, the record supports a finding that appellant understood the nature of the charges to which he pled guilty. The trial court complied with Crim.R. 11(C)(2)(a) in addressing appellant and ascertaining that appellant understood the nature of the charges and the maximum penalty involved:
{¶ 24} "THE COURT: * * * So you understand by signing these [guilty plea forms], that you're changing your not guilty pleas in these cases and you're entering guilty pleas in the 3172 case to robbery as a felony of the third degree, maximum possible penalty in that Count Two of the indictment is a sentence to prison for anywhere from one to five years, five years being the maximum possible, and a fine up to but not to exceed $5,000 — $10,000. Do you understand that?
{¶ 25} "THE DEFENDANT: Yes, Your Honor.
{¶ 26} "* * *
{¶ 27} "THE COURT: And in the 3893 case, you're pleading guilty to Count One of the indictment, violation of protection order, that's a felony of the fourth degree, maximum possible penalty there is one-and-a-half years incarceration, state prison, fine up to but not to exceed $5,000. Do you understand that?
{¶ 28} "THE DEFENDANT: Yes, Your Honor.
{¶ 29} "THE COURT: And in 4746, Count One, menacing by stalking, that's a felony of the fourth degree, likewise, maximum possible penalty is a year-and-a-half in prison, fine up to but not to exceed $5,000. Do you understand that?
{¶ 30} "THE DEFENDANT: Yes, Your Honor.
{¶ 31} "THE COURT: The next two are felonies of the fifth degree, they're violations of protection orders, those are cases 4295, 5404, maximum possible penalties for those offenses is one-year incarceration on each of those, state penal institution, fine up to, not to exceed $2500. Do you understand that?
{¶ 32} "THE DEFENDANT: Yes, Your Honor.
{¶ 33} "THE COURT: Sentences could be imposed consecutively or concurrently as to these cases and counts. Do you understand that?
{¶ 34} "THE DEFENDANT: Yes, Your Honor." (Tr. 6-7.)
{¶ 35} When the trial court further asked appellant if he understood that by entering guilty pleas in each case that he waived his right to a trial by jury, and that his guilty pleas were voluntarily and not forced on appellant by someone else, appellant responded that he understood and that he was voluntarily waiving his rights. (Tr. 11.)
{¶ 36} Based on the foregoing, the record established that appellant was advised and understood the nature of the charges and the maximum penalty imposed that were the subject of his guilty plea. A trial court may find that a defendant understands the nature of the charges when the totality of the circumstances warrants such a determination. Ingram, supra, citing State v. Rainey (1982),3 Ohio App.3d 441, paragraph one of the syllabus. Appellant's guilty pleas were knowingly, voluntarily, and intelligently made. Appellant failed to demonstrate a prejudicial effect. As such, the trial court strictly complied with Crim.R. 11(C)(2)(c).
{¶ 37} Additionally, we have reviewed the totality of the circumstances and also determine that appellant has not suffered any prejudice because the trial court substantially complied with Crim.R. 11(C)(2)(b). The trial court informed appellant of various rights that he would sacrifice by pleading guilty and then addressed appellant and appellant's counsel:
{¶ 38} "THE COURT: * * * Now, you understand that the Court's going to order a pre-sentence investigation in this case before imposing a sentence * * *.
{¶ 39} "MR. HOLBROOK [defense counsel]: It is, Your Honor." (Tr. 7.)
{¶ 40} The totality of the circumstances indicate that appellant knew that the trial court could proceed with judgment and sentence after accepting appellant's guilty pleas, but by saying it was going to order a presentence investigation, the trial court told appellant that it was not going to proceed immediately. "The trial court's failure to use exact language to notify appellant that it could proceed immediately with judgment and sentence amounts only to the failure of the trial court to notify appellant about a non-constitutional right." State v. Hoskins (June 16, 1998), Franklin App. No. 97APA10-1384. Furthermore, appellant has failed to allege any prejudice from the trial court's failure to use the technical language of Crim.R. 11(C)(2)(b) to inform appellant that the trial court could proceed with judgment and sentence. See Hoskins, supra, and State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399. As such, we find that the trial court substantially complied with Crim.R. 11(C)(2)(b). For the foregoing reasons, appellant's first assignment of error is not well-taken.
{¶ 41} In his second assignment of error, appellant contends that the trial court abused its discretion and erred when it overruled appellant's presentence request to withdraw his guilty pleas when the record indicated that appellant's pleas were not knowingly or voluntarily entered. Appellant further contends that his oral motion to withdraw his guilty pleas was made because his attorney represented to appellant that the state would recommend community control sanctions with treatment if appellant pled guilty.
{¶ 42} Crim.R. 32.1 provides that:
{¶ 43} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
{¶ 44} In State v. Xie (1992), 62 Ohio St.3d 521, 527, the Ohio Supreme Court set forth the following standard of review for presentence Crim.R. 32.1 motions:
{¶ 45} "We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.' State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149."
{¶ 46} An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460,466.
{¶ 47} Based on the record before us, we are unable to conclude that the trial court abused it discretion in denying appellant's motion. In this case, appellant's counsel made an oral motion to withdraw appellant's guilty pleas based on appellant's expectations that he was pleading guilty in order to receive the benefit of Community Based Correction Facility ("CBCF") treatment. Before denying a ppellant's motion, the trial court noted:
{¶ 48} "[T]he Court has reviewed the pre-sentence investigation and is ready to proceed at this point. While the Court agrees that generally a withdrawal of a plea may be considered liberally before the time of sentencing, I do not believe that contemplates somebody being able to enter pleas with the prospects that they're going to get probation and then being told in advance that may or may not occur at the time of sentencing, then being able to withdraw their plea on that basis.
{¶ 49} " * * *
{¶ 50} "In any event, I do not believe that is a legitimate reason to withdraw a plea, and if that in fact were the case, that could be done in every case where somebody just entered a plea, wait till the day of sentencing, looks like they're not getting probation, then they withdraw their plea, and that's not, I don't think, contemplated by the rule * * *." (Tr. 15-16.)
{¶ 51} A defendant's change of heart or mistaken belief about the guilty plea or expected sentence does not constitute a legitimate basis that requires the trial court to permit the defendant to withdraw the guilty plea. State v. Sabatino (1995), 102 Ohio App.3d 483, 486; State v. Hunt (Aug. 8, 1996), Cuyahoga App. No. 69726. See, also, State v. Ausman (Sept. 20, 2000), Ross App. No. 00CA2550; State v. Stufflebean (June 18, 1998), Athens App. No. 97 CA 40. "It seems that a defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw that plea just because he is made aware that an unexpected sentence is going to be imposed. Otherwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying `mistaken belief' that the defendant would receive probation and the plea would be vacated." (Citation omitted.) State v. Lambros (1988),44 Ohio App.3d 102, 103.
{¶ 52} Given the trial court's reasoning, we cannot say that the trial court acted arbitrarily, unreasonably or unconscionably in refusing to grant appellant's motion to withdraw his guilty pleas. Accordingly, appellant's second assignment of error is not well-taken.
{¶ 53} In his third and final assignment of error, appellant contends that the trial court erred in failing to state findings supporting the imposition of more than the minimum prison term for a first time imprisonment pursuant to R.C. 2929.14(B).
{¶ 54} R.C. 2929.14(B) provides in pertinent part:
{¶ 55} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
{¶ 56} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
{¶ 57} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 58} In construing R.C. 2929.14(B), State v. Edmonson (1999),86 Ohio St.3d 324, 326 held that unless the trial court "imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." However, R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum sentence. Id.
{¶ 59} In the case at bar, we believe that the record fails to reveal that the trial court considered R.C. 2929.14(B) prior to imposing more than the minimum sentence. We note that appellant had not previously served a prison term. While each judgment entry stated that the trial court weighed the factors set forth in the applicable provisions of R.C. 2929.14, the record is void of the trial court's determination that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. See State v. Jones (2001), 93 Ohio St.3d 391. Accordingly, based upon the foregoing reasons and in accordance with Edmonson, appellant's third assignment of error is well-taken.
{¶ 60} For the foregoing reasons, appellant's first and second assignments of error are overruled, and appellant's third assignment of error is sustained. We vacate appellant's sentence and remand this matter to the trial court for resentencing.
Sentence vacated and case remanded for resentencing.
BOWMAN and DESHLER, JJ., concur.