OPINION
{¶ 1} Defendants-apellants, Denver G. Sturgill and Elinor Sturgill ("appellants"), appeal from the February 13, 2002 judgment of the Franklin County Municipal Court, Environmental Division, finding appellants in contempt, and imposing a $1,000 fine. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On December 10, 1996, plaintiff-appellee, Franklin County District Board of Health ("appellee"), filed a complaint against appellants and real property located at 170 and 170½ Commerce Street, Lockbourne, Ohio 43137 ("real property" or "premises"). Appellants are the owners of the real property. In the complaint, appellee alleged that appellants established an actionable nuisance by having surface discharge of untreated sewage into the watercourse of the real property in violation of the Franklin County Health Department Sanitary Regulation 701. Complaint at ¶ 6, 7. Appellee sought a preliminary and permanent injunction, and an entry from the trial court ordering appellants to abate the nuisance and bring the premises into compliance with the applicable health codes.
 {¶ 3} On February 11, 1997, the trial court issued a permanent injunction. Under the injunction, appellants were ordered to immediately discontinue the use, and vacate the wastewater facilities and household sewage system located on the real property. Additionally, appellants were ordered to vacate the real property, and keep the premises unoccupied until the sanitary sewer was installed and hooked up.
 {¶ 4} On April 9, 1997, appellee filed a Motion for Contempt Citation against appellants alleging that appellants failed to comply with the February 11, 1997 permanent injunction. A contempt hearing was conducted on April 14, 1997, whereby all parties were present. By entry filed April 15, 1997, the trial court found appellants in contempt for violating the February 11, 1997 permanent injunction. Pursuant to a stipulation and agreed entry filed on April 21, 1997, appellant Elinor Sturgill agreed and stipulated that, prior to 12:00 noon on Friday, April 18, 1997, she would vacate the real property and thereafter prohibit anyone from reoccupying the premises for as long as the February 11, 1997 permanent injunction remained effective. Appellant Elinor Sturgill also agreed and stipulated to cancel the utility service. Appellants additionally agreed and stipulated to allow appellee the right to inspect the premises at any time, without prior notice, to insure compliance with the Stipulation and Agreed Entry. On May 20, 1997, by agreement of the parties, the trial court ordered all utilities shut off and terminated at the real property.
 {¶ 5} On November 3, 2000, Barbara Hunt and Lloyd Messer appeared in court, along with counsel for appellee, presenting a handwritten document purporting to be a land installment contract between Ms. Hunt, Mr. Messer and appellant Denver Sturgill. Ms. Hunt and Mr. Messer alleged they sold their house trailer so they could purchase 170 Commerce Street from appellant Denver Sturgill. Ms. Hunt and Mr. Messer alleged that a total of seven people resided at the premises and that the residence contained no running water. The premises did have electricity, they used electric heaters and kerosene heaters to heat the house.
 {¶ 6} On February 8, 2001, appellee filed a Request for Order Vacating 170 Commerce Street and Second Motion for Contempt Citation alleging that appellants had not kept the premises unoccupied pursuant to the February 11, 1997 permanent injunction. On March 9, 2001, appellee withdrew its motion to show cause because appellants had removed Ms. Hunt, Mr. Messer and the other occupants from the structure, and also disconnected the utility service.
 {¶ 7} On July 18, 2001, appellee filed a Request for Order Vacating 170 Commerce Street and Third Motion for Contempt Citation alleging that Laura Moffet[1] and other individuals were occupying the premises in violation of the February 11, 1997 permanent injunction. On October 1, 2001 and October 11, 2001, a hearing was held before the trial court on appellee's motion to show cause.[2] Appellants appeared without counsel. By entry filed October 16, 2001, the trial court found, beyond a reasonable doubt, that appellants were not in compliance with the February 11, 1997 permanent injunction in that Laura Moffet and her children were residing at the premises and the water was hooked up to a well through the floor of the premises. The trial court assigned the matter for a penalty phase hearing.
 {¶ 8} On February 13, 2001, the trial court conducted the penalty phase hearing. Appellant Elinor Sturgill appeared, but appellant Denver Sturgill failed to appear. The trial court ordered appellants to pay a $1,000 fine on or before April 5, 2002; however, the trial court indicated that the fine would be reduced to $500 if appellants sold the real property before April 5, 2002. It is from this contempt fine entry and order that appellants appeal, assigning the following sole assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANTS OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION IN FINDING APPELLANTS IN CONTEMPT OF COURT ON FEBRUARY 11, 2002 AND IMPOSING A THOUSAND DOLLARS FINE, $1,000.00."
 {¶ 10} In their sole assignment of error, appellants contend that the trial court deprived appellant Denver Sturgill of notice and opportunity to be heard at the February 11, 2002 penalty phase hearing. Appellant Denver Sturgill alleges that the trial court abused its discretion by finding him in contempt and imposing a $1,000 fine without appellant Denver Sturgill being present at the hearing.
 {¶ 11} We note at the onset that, because appellants failed to raise their due process challenge to the contempt provision before the trial court, those arguments are not required to be addressed on appeal. In re Carroll (1985), 28 Ohio App.3d 6; Randolph Township Trustees v. Mangold (Mar. 31, 1999), Portage App. No. 97-P-0110; Van Wie v. Kreppner (Jan. 28, 1988), Cuyahoga App. No. 53352. Moreover, it is clear from the record that appellants were not only aware of and attended the contempt hearing, but that, while appellant Elinor Sturgill was aware and appeared at the penalty phase of the contempt hearing, appellant Denver Sturgill was also aware of the penalty phase proceeding but failed to attend.
 {¶ 12} A reviewing court will not reverse the trial court's decision in a contempt proceeding unless the trial court's action amounted to an abuse of discretion. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460, 466.
 {¶ 13} R.C. 2705.03 states, in pertinent part, that:
 {¶ 14} "* * * [A] charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. * * *"
 {¶ 15} Additionally, R.C. 2705.05(A) states, in pertinent part, that:
 {¶ 16} "In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. * * *"
 {¶ 17} In this case, we find that appellant Denver Sturgill's constitutional right to due process of law was provided to him. Based on the record before us, appellants were given the opportunity to be heard pursuant to R.C. 2905.03. Specifically, appellants were given adequate notice of the contempt hearing and were both given the opportunity to be heard when they presented evidence and both testified in their defense at the October 1st and October 11th hearings. Further, at the contempt hearing, appellants were both given notice of the date and time for the penalty phase hearing. Consequently, the trial court complied with R.C.2705.05 by conducting a contempt hearing, investigating the charges, hearing testimony of appellants, determining that they were in contempt and imposing the appropriate penalty. As such, the trial court did not abuse its discretion.
 {¶ 18} Additionally, appellants contend that the evidence did not support the trial court's determination that they were in contempt of the February 11, 1997 permanent injunction. We disagree.
 {¶ 19} The power to find an individual in contempt of court is inherent in a court as necessary to the exercise of the court's judicial function. Denovchek, 15. In criminal contempt proceedings, evidence of guilt must be beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 251; State v. Kitchen (1998),128 Ohio App.3d 335, 342; Scherer v. Scherer (1991), 72 Ohio App.3d 211,214. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280.
 {¶ 20} In this case, under the February 11, 1997 permanent injunction, appellants were ordered to immediately discontinue use of the wastewater facilities and household sewage system, vacate the premises, and keep the premises unoccupied until the sanitary sewer was installed and hooked up properly. Additionally, under the May 20, 1997 agreed entry, appellants agreed to shut off all utilities at the premises; however, the record established that the premises were occupied by Laura Moffet and her children, and water service was hooked up through the floor of the house to a well. Although appellants testified that they had no knowledge that anyone was residing at the premises, and appellant Denver Sturgill further testified that, if his grandson Jason Moffet was residing at the premises, it was without his permission and knowledge, the trial court was not required to believe this testimony.
 {¶ 21} Giving due deference to the trial court's credibility determinations and findings, we conclude that there was sufficient evidence to support the trial court's conclusion that appellants were in contempt of court for failing to comply with the February 11, 1997 permanent injunction to maintain the real property in compliance with the applicable health codes. See Franklin County Dist. Bd. Of Health v. Campbell (Sept. 29, 2000), Franklin App. No. 00AP-220. Accordingly, appellants' sole assignment of error is not well taken.
 {¶ 22} For the foregoing reasons, we overrule appellants' assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
[1] Laura Moffet is married to appellant Denver Sturgill's grandson, Jason Moffet.
[2] The matter had been continued two times previously to allow appellants the opportunity to retain counsel. At the October 1, 2001 hearing, appellants requested a third continuance. The trial court denied the request indicating that appellants were previously granted two continuances to retain counsel.